**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FIRST TIME VIDEOS LLC,

                Plaintiff,                Case No. 8:12-CV-01686-MSS-AEP

        v.

PAUL OPPOLD,               **PLAINTIFF'S MOTION**
                                **TO TRANSFER**

                Defendant.

_____/

**PLAINTIFF'S MOTION TO TRANSFER TO**
**THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION**

Pursuant to 28 U.S.C. § 1406 and Rule 1.02 of the Local Rules of the Middle District of Florida, Plaintiff First Time Videos LLC ("FTV"), through its undersigned counsel, hereby files this Motion to Transfer in order to transfer the proceedings to the proper venue under 28 U.S.C. §§ 1391(b) and 1400(a). In support of its motion, Plaintiff states the following:

1.      On or about July 30, 2012, a case was filed in the Middle District of Florida, Tampa Division, and was assigned to the Honorable Judge Mary S. Scriven. The complaint was filed by Plaintiff FTV and named Paul Oppold as Defendant. *See First Time Videos LLC v. Paul Oppold*, Case No. 8:12-CV-1686-MSS-AEP, Docket Entry #1.

2.      In its Complaint, FTV alleged in its venue provision that "[v]enue is properly found in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District." *Id.* at 3.

1

3.     The Summons issued by the Deputy Clerk of Middle District of Florida, Tampa Division, shows that Defendant's last known address is located in Orlando, Florida. *First Time Videos LLC v. Paul Oppold*, Case No. 8:12-CV-1686-MSS-AEP, Docket Entry #2.

## MEMORANDUM OF LAW

### I.     STANDARD FOR 28 U.S.C. § 1406 CURE OR WAIVER OF DEFECTS

A civil action may be transferred to any other division where it might have been brought pursuant to 28 U.S.C. § 1406(a) in the interests of justice. *Van Dusen v. Barrack*, 376 U.S. 612 (1964). When a mistake is made as to venue in a lawsuit, "Congress, by the enactment of §1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.'" *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).

### II.     STANDARD FOR RULE 1.02 OF THE LOCAL RULES

Under Rule 1.02 of the Local Rules of the Middle District of Florida, "[t]he Court may, within its discretion, or upon good cause shown by any interested party, order that any case, civil or criminal, be transferred from one Division to any other Division for trial . . . ." Fla. M.D. Local Rule 1.02(d).

### III.     THE INTEREST OF JUSTICE AND SHOW OF GOOD CAUSE WEIGH IN FAVOR OF TRANSFER

The interest of justice weighs in favor of transfer to the Middle District of Florida, Orlando Division. Pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), Defendant Paul Oppold resides in Orlando, Orange County, Florida, and as such, proper venue for this suit lies in Middle District of Florida, Orlando Division. Under Middle District of Florida Local Rules, there is also good cause to transfer this lawsuit to the Orlando Division because transfer of venue will be

substantially convenient for the Defendant. Finally, the transfer of venue within the Middle District of Florida to Orlando Division is also proper because Plaintiff has been diligent in rectifying what was essentially a clerical mistake. Dismissal of the case would be contrary to the interest of justice as it would incur unnecessary delay and cost for the Plaintiff at the sake of "time-consuming and justice-defeating technicalities."

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this case be transferred to the Middle District of Florida, Orlando Division.


DATED: August 20, 2012


Respectfully submitted,

First Time Videos LLC,


By:    /s/ Matthew T. Wasinger
        Matthew T. Wasinger (Bar # 57873)
        WASINGER LAW OFFICE, PLLC
        605 East Robinson Street, Suite 730
        Phone: 415-325-5900
        Email: wasinger.law@gmail.com
        *Attorney for Plaintiff*