# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

| | |
|---|---|
| FIRST TIME VIDEOS, LLC,       ) | |
|       ) | |
|       ) | |
| Plaintiff,       ) | Civil Action No. |
|       ) | |
|       ) | 8:12-CV-1686-MSS-AEP |
| v.       ) | |
|       ) | *September 12th, 2012* |
| PAUL OPPOLD,       ) | |
|       ) | |
|       ) | |
| Defendant.       ) | |

## <u>DEFENDANT PAUL OPPOLD'S OMNIBUS MOTION TO DISMISS UNDER LOCAL RULES AND UNDER 12(b)(6) WITH INCORPORATED MEMORANDUM OF LAW</u>

COMES NOW, the Defendant, a resident of Orange County, Florida, by and through the undersigned counsel, and files this Motion to Dismiss, and incorporated memorandum of law, and requests the court to dismiss the complaint of Plaintiff First Time Videos, LLC and states:

### VENUE AND JURISDICTION

Defendant is a resident of Orange County, Florida, and Plaintiff is a Nevada Limited Liability Company, but the greatest nexus of the cause, according to the filings

of the Plaintiff is in Orlando, FL. *See D.E. 11* (where Plaintiff concedes that their complaint may face dismissal under the rules for not being filed in the Orlando Division).

Venue and jurisdiction are proper within the Middle District of Florida, and this court has full rights to determine this case on its merits. Defendant however, objects to the Plaintiffs filing within the Tampa Division.

## INTRODUCTION

The Defendant moves the court to dismiss the complaint of the Plaintiff being filed in the improper division and for willful violations of the local rules before addressing negligence under 12(b)(6) and requests for additional relief.

Counsel for defendant levies serious charges against the ethics and intent of the parties in this matter, and certifies that every factual matter herein is true by his own personal knowledge as an officer of the court, and most can be supported by full documentation if requested. Counsel for Defendant has been careful to leave out all matters of speculation, or to attribute them as such. All information contained herein is relevant due to evidence of bad faith, harassment, and malicious abuse of process and sanctions under the rules and relevant case law.

## MOTION TO DISMISS FOR WILLFUL AND MALICIOUS VIOLATIONS OF LOCAL RULES

Willful Violation of MDFL Local Rule 1.02(c)

**Relevant Facts of Willfulness and Motivation for Violation of Local Rule 1.02(c)**

1. Defendant was contacted, first by a demand letter, and then by telephone by a debt collector for either Joseph Perea, P.A. or Prenda Law, Inc., or someone

claiming to be the agent of the Plaintiff, and Defendant hired counsel shortly after receiving the debt collection call. [1]

2.  Defendant hired current counsel to send a letter of representation to the representatives of the Plaintiff on Thursday, July 24th, 2012.

3.  I personally spent approximately fifteen minutes attempting to fax a letter to Joseph Perea, P.A..  The fax machine is set to retry failed faxes a number of times if the first transmission fails.  Someone named "Kevin" from Joseph Perea, P.A. called my paralegal and gave instructions to fax it to a 312 area code (Chicago) and informed her that the 312 area code was the correct fax number to send documentation on the matter.

4.  After failing at faxing the document to the 312 area code, a number belonging to Prenda Law, Inc., I had my paralegal call and request an alternate fax number. I eventually faxed a representation letter to a toll free fax number, offering to waive service of process, on July 24th, 2012.

5.  On July 30th, 2012, through an act of chance or errant data entry of the Plaintiff, I received notice of this case through the ECF system when I mysteriously appeared as an attorney somehow affiliated with the case.  A summons was issued by the clerk despite a previous offer of waiver faxed to Prenda Law, Inc.

6.  The same day, counsel for the defendant e-mailed the Plaintiff's filing attorney and advised him of a previous offer to waive service of process sent to Prenda

---

[1] Defendant was sent a demand letter on 7/12/2012 referencing *First Time Videos LLC v. Does 1-76*, 1:12-CV-20921 (S.D. Fl). stating "In exchange for a comprehensive settlement and release . . . to enable you to avoid becoming a named Defendant in our lawsuit."  "To reiterate, if you act promptly you will avoid being named as a Defendant in the lawsuit."

Law, Inc. a Chicago Law firm, at the instruction of Joseph Perea, P.A., a Florida law firm for the Plaintiff in a previous case between the parties.

7.   Also on July 30th, the Defendant offered up for the Plaintiff to inspect his hard drive for evidence of infringement of the Plaintiff's copyright.  Plaintiff has not exercised the offer to inspect the hard drive of the Defendant but instead chooses to pursue this action.

8.   In that same e-mail Counsel for Defendant also pointed out the need for the case to be filed in the correct division (Orlando) under Local Rule 1.02.

9.   The day after I sent the e-mail offering inspection of the Defendants hardware, the filing attorney discussed the case with me.  He advised that he wanted nothing more to do with the case, and that under the direction of Prenda Law, Inc., he had filed additional suits against two other clients of mine and claimed that was not advised that any of my three clients were represented.   He claimed to have no idea who I was, despite the fact that I was somehow listed as an attorney of record in this case.[2]

10. Prenda Law, Inc., as an agent of the Plaintiff, purposefully withheld this information from the filing attorney, or directly filed the action themselves, despite a previous offer to waive service in direct conflict with the spirit of F.R.C.P. 4(d) and showed bad faith and maliciousness in the issuing of a summons while counsel for the Defendant had directly offered a waiver of service.

---

[2] It should be noted that the Plaintiffs in all three cases were different, but the filing attorney in all three cases was the same, and all came from previous cases of Joseph Perea, Esq. and Prenda Law, Inc.

11. The ego driven motivations for this intentional withholding, malicious intent, and the simultaneous targeting of three of my clients, resulted from a flurry of complaints filed with the Bar between agents of Prenda Law[3] and counsel for the Defendant decided in 2011 and 2012.  This case was likely also retaliatory in nature because, without setting out to do it, counsel for Defendant seemingly ended up chasing their debt collection operation out of Florida.

12. After Florida counsel filed this matter, Prenda Law, Inc., now a Chicago law firm, published the Plaintiff's complaint on their website in order to publicly embarrass the Defendant by linking him with pornography.  The Prenda Law website claims that the filing is a product of their law firm stating: "Unfortunately, due to space limitations, we are unable to list and provide the link to every individual we are

---

[3] Prenda Law, Inc., is a currently registered Florida Corporation, and a registered Illinois Corporation and was until recently comprised of an ethically challenged multijurisdictional partnership between Paul Duffy (Illinois attorney) and Joseph Perea (Florida attorney).

After a bar complaint filed by undersigned counsel, the outfit of Steele|Hansmeier, PLLC became the current corporation of Prenda Law, an attempted Florida-Illinois multijurisdictional law firm.  After a few months of operating under Prenda Law, and three more bar complaints filed by counsel, the headquarters of Prenda Law has returned to Chicago, the original home of Steele|Hansmeier, PLLC.  Prenda Law is now an ethically questionable multi-state amalgamation of "filing attorneys" swarming around Prenda Law.  The geographic location of Illinois attorney John Steele is the usually the headquarters of this outfit.

All documents that have been filed in this action, or any action, have been distilled to PDF format by agents of Prenda Law, acting in some drafting capacity, for local counsel.

At all times, instructions for settlement require a payment to be made to or signed off on by Prenda Law.  Even after Plaintiff filed the instant case, all negotiations of settlement were directed by an agent of Prenda Law, Inc.  I filed a total of four bar complaints against the agents of Prenda Law, Inc. (John Steele twice, Paul Duffy, and Joseph Perea).  I filed these four bar complaints prior to my representation of any clients in opposition to the clients of Prenda Law.

currently suing on behalf of our clients." [4]  http://www.wefightpiracy.com/suits-against-individuals.php (accessed September 4th, 2012).

13. On August 13th, the Florida Bar grievance committee ruled upon the matter of Perea v. Syfert[5], finding no probable cause, and that same day, the currently assigned attorney for the Plaintiff filed a Motion to Substitute Counsel.  *See* D.E. 7.

14. On August 13th, 2012, Counsel for the Defendant made contact with the currently assigned counsel of the Plaintiff, made him aware of the deficiency under Local Rule 1.02, as well as many other potential deficiencies and potential arguments and problems.

15. After the telephone conversation, current counsel for the Plaintiff was forwarded the original e-mail sent to the filing attorney, and by way of that e-mail, Defendant again offered up his hard drive and his wi-fi router for inspection by agents of the Plaintiff.

16. Rather than refilling the case, Plaintiff's solution to their deficiency in filing division was requesting that the court transfer the case pursuant to 28 U.S.C. § 1406(a), stating that the motion to transfer the case is in the best interest of justice.  *See* D.E. 11.

---

[4] It should be noted that Prenda Law did not file the instant action, however the e-mail address of the original complaint in this matter was blgibbs@wefightpiracy.com, a California licensed attorney who lists himself as "of counsel" to Prenda Law.  The Illinois law firm of Prenda Law is either taking credit for their own work on their website, or is taking credit for the work of others.

[5] The bar complaint Perea filed against me accused me of unlicensed practice of law, making unmeritorious claims and defenses, threatening a bar complaint to gain an advantage in litigation, and general misconduct. The previous bar complaints against Prenda Law, Inc., had been well settled by the time this dispute ended.

17. Plaintiff then served the motion to transfer along with the waiver of service of process upon the counsel for the Defendant, forcing the Defendant to appear in the Tampa division, attend hearings in the Tampa division, and to file a response in the Tampa Division or face being responsible for costs of service.

18. Plaintiff's motion to transfer [D.E. 5] states that "Plaintiff has been diligent in rectifying what was essentially a clerical mistake.  Dismissal of the case would be contrary to the interest of justice as it would incur unnecessary delay and cost for the Plaintiff at the sake of 'time-consuming and justice-defeating technicalities." *Id.* at **III**.

19. Other than the "clerical mistake" of the Plaintiff, the only other arguments or facts advanced in the motion are pursuant to Local Rule 1.02(d) (judicial discretion or good cause) and issues of forum non conveniens more proper under a motion to transfer pursuant to rule 28 USC § 1404(a).

**<u>Memorandum on Transfers under 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a)</u>**

Where personal jurisdiction is proper and venue is proper, transfers can only generally be effected by the discretion of the court or the interest of justice (under local rules) under the terms of 28 U.S.C. § 1406(a) for improper venue and §1404(a) for inconvenient venue.  *See Roofing & Sheet Metal Serv. v. La Quinta Motor Inns*, 689 F. 2d 982, 992, fn. 16 (11th Cir. 1982).

> "When venue is improper, the Court may dismiss the case, or if it is in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406. When venue would be proper in another district under § 1391, transfer is preferred over dismissal unless there is evidence that a case was brought in an improper venue in bad faith or in an effort to harass a

defendant. Wright, Miller & Kane, Fed. Practice & Procedure: Jurisdiction 2d §
3827 at 262 (1998 & 2005 Supp.)."

(*Palmer v. DAU*, Case No. 6:10-cv-248-Orl-19KRS MD FL (July 12, 2010))

It is clear that arguments for transfer under 1404(a) for an inconvenient venue fail
when made by a non-resident Plaintiff who chose the original filing location as a matter
of logical deduction and the judicial need to prevent forum shopping.

This court has full authority to transfer this case pursuant to 28 U.S.C. 1406(a) or
1404(a) in the interest of justice, however, under the present facts and circumstances,  the
court should dismiss the claim of the Plaintiff.   A survey of cases within the Middle
District rarely reflects a granting of 1406(a) transfer except in the case of pro se litigant,
the running of the statute of limitations, or other impositions on a claim, not for the
convenience of new counsel and in prolonging harassment of an eggshell skull
Defendant. The Plaintiff has not advanced any arguments regarding an inability to refile
due to a lapse in statute of limitations, an inability of the Plaintiff to pay a filing fee, or
being represented *pro se*.   The Plaintiff has always been represented by the
amalgamation of Federal and State practitioners somehow affiliated with Prenda Law,
Inc., who are pioneers of early anti-piracy litigation.

The Bar complaints between the parties of the previously related case, show a
motivation for a malicious intent.  Based upon the location of the three Defendants in
these cases, the three different Plaintiffs in these cases, and the location of the filing
attorney in Tampa, this case was clearly filed for the convenience of the Plaintiff and
their original attorney, and to harass Defendant and counsel.

**Claim for Relief**

The Defendant moves and requests that this honorable court dismiss the Plaintiff's complaint, or in the alternative, to transfer this case to the Orlando Division, and for any such further relief as the court deems necessary and proper in the service of justice.

Willful Violation of MDFL Rule 1.04 and Order at Docket Entry #5

**Relevant Facts of Willfulness and Motivation for Violation of Local Rule 1.04(c)**

Defendant adopts and incorporates the facts in paragraphs 1-19 above as if fully set forth herein as further evidence of willful and malicious bad faith.

20. Pursuant to Local Rule 1.04, and the order at Docket Entry #5 on this case, Plaintiff is required to state all related cases.

21. Specifically, the Plaintiff failed to inform the court of *First Time Videos v. John Does 1-76*,1:12-cv-20921-JAL (S.D. Fl.) (hereinafter the Southern District Case) is still pending.[6]

22. The related case in this instance is one example of the recent many John Doe lawsuits which should be familiar within this jurisdiction and to this Judge.

23. On July 27th, 2012, Joseph Perea filed a notice of voluntary dismissal without prejudice of the John Doe defendant with the IP address of 97.102.232.95. *First Time Videos v. John Does 1-76*,1:12-cv-20921-JAL, Docket Entry 33.

---

[6] Document 30 in the Southern District Case is a Motion for Sanctions against Joseph Perea and Prenda Law for failure to communicate through counsel in demanding a settlement from internet subscribers accused of downloading copyrighted pornography.

24. Plaintiff First Time Videos LLC filed the Southern District Case including a count for copyright infringement, civil conspiracy, and contributory infringement, against seventy-six John Doe defendants, claiming joint and several liability. The action was filed by Prenda Law, Inc. during the brief period where it appeared as if they were a properly ethical multijurisdictional partnership among lawyers doing business from Miami and Chicago and is now being pursued by Joseph Perea, P.A..

25. The previous case included affidavits from Peter Hansmeier[7] of 6881 Forensics, LLC (a forensic company without any apparent corporate structure or registration) proffered by the Plaintiff which have a direct and important bearing on any case that is filed against an individual who had their identity revealed in that case.

26. Plaintiff has added only one count to the instant case, that of negligence, which is somewhat unclear and untenable, but does not give rise to any difference and involves the same set of facts and circumstances as the Southern District of Florida case.  There should be little dispute that the previous case is not related when it is a pending matter claiming joint and several liability and the Plaintiff had the thought of dismissing the IP address from the previous case before filing this action.

27. On August 21st, six days after the Plaintiff was to have complied with the order of the court [D.E. 5], counsel for the Defendant e-mailed current counsel for the

---

[7] The only consistent players throughout this multijurisdictional amalgamation of attorneys are the use of 6881 Forensics (Peter Hansmeier) and attorney John Steele.  Paul Duffy is the current owner of Prenda Law, but John Steele generally controls the money.

Plaintiff for the purposes of negotiation but included the comment: "*Also, because I noticed that you are somewhat misleading the court, even if just by accident, I just wanted to point out that you have not disclosed the related cases in these matters to the court.  You have a duty to disclose the case in which the identity of my clients was gained in the underlying action.*"

28. The Plaintiff, being aware of the requirement by order of the court, his duty under the local rules, and after a big nudge from opposing counsel, took no actions toward disclosing this previous lawsuit.

29. Counsel for Defendant fully expects the Plaintiff to attempt to blame the absence of reference to this case on some sort of miscommunication between First Time Videos, Prenda Law and Florida attorney Joseph Perea, California attorney Brett Gibbs, Illinois attorney Paul Duffy, the original filing attorney, and their new counsel.  Such arguments will be made in much the same spirit as the "clerical mistake" of filing in the wrong county, and should be met with great skepticism as I directly notified the counsel of record of this issue.

30. Prenda Law, Inc., either purposefully withheld this information from both the filing attorney and the current counsel, or this was the direct error of the current counsel in spite of specific court orders and notification from another attorney.

*Prenda Law's Subpoena Loophole in Underlying Cases Evidences Further Bad Faith*

31. In *Bubble Gum Productions LLC v. Does 1-30*, No. 12-20367-CIV, 2012 WL 2953309 at *5 n. 9 (S.D. Fla. July 19th, 2012), Judge Seitz stated that it was "unclear why the subpoenas were issued in another judicial district for

information about Doe Defendants who allegedly reside in this district."   This same concern was repeated in *AF Holdings v. John Doe*, 1:12-CV-22147 (S.D. Fl. Docket #8) by Judge Seitz and in *Ingenuity 13, LLC v. John Doe*, 1:12-CV-22756 (S.D. Fl. Docket #8) by Judge Altonaga.

32. Defendant in this case puts forth that the only reasoning behind the issuance of subpoenas in another district is to exploit a loophole. This ensures that even if a motion to quash or server is granted, that they will still be able to continue their letter writing debt collection operation on collected identities due to a lack of judicial review after the issuance of that subpoena from another court.  The subpoena cannot be quashed by the trial Judge and therefore it ensures Prenda Law that the identities can continue to be used for debt collection if their initial efforts fall short of standards of pleading or fact, or another attorney gets involved and is successful in their motion practice.  They wish for the court to not exercise control over the identities of their targets after subpoena issuance.

*Violation of Further Order of the Court*

33. The Certificate of Interested Persons [D.E. #6] gives what appears to be an alias of the true legal name of the owner of Plaintiff's company, perhaps it is because Robert Simyar D.M.D. a/k/a Hooman Simyar does not want his professional reputation harmed by being linked directly with production of pornography in a Federal lawsuit.  By providing an alias to the Court, the Plaintiff or his counsel evidenced further deceit, bad faith, and maliciousness.

**Dismissal as Sanction**

A Plaintiff's actions must rise to the type of "evidence of bad faith" or "maliciousness" to warrant dismissing an action as an appropriate sanction.  *Chipman v. Whelan*, Case No. 2:10-cv-321-FtM-29DNF, (M.D. Fl. Order Sept 21, 2011) referencing *Williams v. Brown*, 347 F. App 429, 433 (11th Cir. 2009.)  *Chipman* goes on to explain:

> "The Eleventh Circuit recognizes that dismissal of a complaint for plaintiff's perjury on the complaint form in response to the question of the existence of prior lawsuits filed is an appropriate sanction. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007)."

The sanction of dismissal by violating a previous order of the court, however, is always appropriate at the discretion of the court.

Defendant claims that the actions of Prenda Law, the Plaintiff, and other agents of the Plaintiff above, were malicious and show great evidence of bad faith.  Prenda Law, Inc., either purposefully withheld this information from both the filing attorney and the current counsel, or this was the direct error of the current counsel in spite of specific court orders and notification from another attorney.

Prenda Law targeted three clients from three separate Plaintiffs at one time as revenge for bar complaints filed by the Defendant's counsel, and continued this action in anger after their bar complaint against Defendants counsel was unsuccessful.  They have published this complaint as if it is their own product, on the website of their Illinois law firm in order to publicly embarrass the Defendant and pressure settlement.  Throughout the processes and generally at all times they acted for and on behalf of local counsel, either keeping them in the dark as to pertinent facts, or urging them to feign ignorance.

The Plaintiff has ignored local rules, order of this court, and the advice of opposing counsel to address the matter.  They have been given sufficient warning and reasons to comply with the order of this court and the local rules.  This lawsuit was one of three filed in retaliation for earlier ethical disputes which resolved themselves in ways where Prenda Law was pushed out of practicing law in Florida.  By directing their actions through local counsel, they are practicing law in Florida by proxy, victimizing Florida attorneys by dragging them into their web, and again attempting to circumvent the fact that they are not licensed in this state.  The sanction of dismissal in this case is therefore warranted and proper.

### Claim for Relief

The Defendant moves and requests that this honorable court dismiss the Plaintiff's complaint as a sanction for knowingly, willfully, and maliciously violating Rule 1.04 and the order(s) of this court,[8] for attorney's fees, and such other relief as the court deems necessary and proper.   The Defendant can not consent, for the purposes of jurisdiction, and determination on the issue, to the jurisdiction of the Southern District

---

[8] Defendant also has reason to believe that Plaintiff has further failed to make adequate disclosure as to their certificate of interested persons.  D.E. 10 (omitting the name of any law firm or any corporation which may have an interest in this case, including 6881 Forensics, LLC, Prenda Law, Inc., Joseph Perea, P.A., or current counsel)

Counsel for Defendant, is without sufficient evidence of how the settlements and agreements in these cases are apportioned or how the Plaintiff prevents double or excessive recoveries based on previously plead theories of joint and several liability.  However, Prenda Law states on their website at www.wefightpiracy.com: **Because our clients do not pay any fees until and unless there is money recovered (by settlement or verdict), the contingency fee arrangement is almost always more cost-effective for the client.**

Defendant has good reason to believe, based upon previous orders of the court, the certificate of interested persons filed [D.E. 10] should include the remaining 75 John Doe Defendants in their certificate of interested persons.

Court, under Local Rule 1.04(b) governing a successive case.  Counsel makes this

objection on good faith as the counsel for the Defendant is not licensed in the Southern

District of Florida, and the Defendant is not located in that district.  Defendant, would

however, without objection of other counsel in that case, consent to a transfer of the

Southern District Case to this district for determination on joint and several liability

under the civil conspiracy claim.

## MOTION TO DISMISS / MAKE MORE DEFINITE AND CERTAIN FOR

## FAILURE TO STATE A CAUSE OF ACTION UNDER 12(b)(6)

### Standard of Law

A complaint may be dismissed under Rule 12(b)(6) if it appears beyond doubt

that the plaintiff can prove no set of facts in support of the claim that would entitle him to

relief.  *Hishion v. King & Spalding*, 467 U.S. 69, 73 (1984). A *pro se* plaintiff must set

forth enough factual allegations to "nudge[] their claims across the line from conceivable

to plausible," or "their complaint must be dismissed" for failing to state a claim upon

which relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70

(2007); see also *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

### Copyright Preemption

Plaintiff is attempting to use the Florida State law cause of action of negligence.

Plaintiff's count of negligence fails because it preempted by copyright law.  While no

direct law on point exists in the 11th Circuit regarding whether copyright preempts a

common law action of negligence for an alleged infringement for this exact scenario, the

overarching issue of Federal pre-emption of state law has been decided in the Eleventh

using the extra element test.  *Lipscher v. LRP Publications*, 266 F. 3d 1305, 1312 (11th Cir. 2001).

A number of courts have found that negligence causes of action are preempted by copyright law and that the alteration of the required mental state does not add a legally cognizable extra element. *See, e.g. Felix the Cat Productions v. New Line Cinema*, 2000 WL 770481 (C.D. Cal. April 28, 2000)("Recharacterizing Plaintiff's copyright claim as one for negligence does not add an additional element"); *Publishers v. High Tech. Sys.*, 1997 U.S. Dist. LEXIS 22512 at * 15 (S.D. Cal. Jun 18, 1997) (preempting Plaintiff's negligence claim, and noting "The only possible basis for a duty to protect another from copyright infringement – if such a duty can exist – is in copyright law; thus the alleged existence of a duty is not an 'extra element'"); *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, 713 F.Supp.2d 215 (S.D.N.Y. 2010) (negligence claim under either New York or Illinois law was properly preempted by Copyright Act §301); *Bridgeport Music, Inc. v. 11C Music, et. al.* 154 F.Supp.2d 1330 (M.D. Tenn., 2001)(negligence claim preempted by Copyright Act despite elements of 'duty' and 'breach'.); *Marvullo v. Gruner + Jahr AG & Co.*, 2001 WL 40772, at *7 (S.D.N.Y. Jan. 17, 2001)(photographer's negligence claim simply restates copyright infringement claim); *Drum Major Music v. Young Money Entertainment*, 2002 WL 423350 (S.D.N.Y. Feb. 7, 2012)(negligence claim preempted by Copyright Act).[9]

---

[9] This string citation was borrowed with the permission of Nicholas Ranallo, Esq., of California, who represented a case on behalf of a client sued by California attorney Brett Gibbs (of counsel to Prenda Law, Inc.) in a suit involving a single count of negligence as some sort of test case in order to avoid having to cope with the attorneys fees award available under copyright law.

The work at issue is a pornographic motion picture within the subject matter of copyright as defined by 17 U.S.C. §102. In addition, Plaintiff seeks to protect rights that are identical to the rights protected by Copyright Law and Plaintiff is incapable, in fact, of asserting any right to relief without reference to these exclusive rights. Based on the foregoing, it is clear that Plaintiff's negligence claim against Defendant is preempted by 17 U.S.C. § 301.

Plaintiff's negligence claim against Defendant is preempted, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a legal theory entitling Plaintiff to relief.

<u>Threadbare Duty</u>

The District Court for the District of Hawaii has recently considered a negligence claim in the BitTorrent context and concluded that the "allegations in the FAC are not sufficient to state a claim of negligence on the ground nowhere in the  does Plaintiff assert any specified legal duty in connection with its negligence claim. Further, Plaintiff has not cited, nor has this Court found, any case law with analogous facts from which the Court could conclude that the Defendants owed Plaintiff a general duty to secure their internet connections." *Liberty Media Holdings v. Swarm*, No. 11-00262-DAE-RLP (D.E. 66 - Order Granting in Part and Denying in Part Defendant Hatcher's Motion to Dismiss…)(D. Haw. January 30, 2012). *See also*, *Liberty Media Holdings v. Swarm…and Does 1-62*, 2011 WL 1869923 (S.D. Cal. May 12, 2011). On motion for expedited

---

Mr. Ranallo's 25 page motion to dismiss a single negligence count based upon the same fact pattern was recently granted in *AF Holdings v. Hatfield*, 4:12-cv-02049-PJH (N.D. Cal. Order, Dated September 4th, 2012, Docket #26) with the Plaintiff being represented by Prenda Law.

discovery, Court determined that Plaintiff's cause of action for negligence could not withstand a motion to dismiss).

Plaintiff herein has offered nothing more than a threadbare assertion that Defendant Oppold had a duty to secure his internet connection and/or monitor his internet, entirely devoid of any factual support for the proposition. Thus, if negligence is not preempted, Plaintiff's cause of action for negligence must nonetheless be dismissed for failing to allege sufficient factual basis to support the claim.

In Conclusion on Negligence

Any factual support of the proposition advanced by the Plaintiff would impose upon any Defendant the technical expertise to encrypt their wireless internet connection, be aware of *all* internet traffic, and continually monitor their network for hackers and intruders.  In short, the duty described by the Plaintiff, if elaborated on, must impose a technical expertise upon a lay person.  In total, the theory cannot be nudged from conceivable to probable.  *See generally, AF Holdings v. Hatfield*, 4:12-cv-02049-PJH (N.D. Cal. Order, Dated September 4th, 2012, [D.E. 26]).

**Claim for Relief**

The Defendant moves and requests that this honorable court dismiss the Plaintiff's complaint for a failure to state a cause of action pursuant to Rule 12(b)(6) or in the alternative, that the Plaintiff's complaint be made more definite and certain as to the alleged duty required of the Defendant.

**MOTION TO STRIKE ALL PAPERS AND PLEADINGS PURSUANT TO LOCAL RULE 1.05(d) AND FRCP RULE 11(a)**

The signature on the complaint is sufficient in form, but insufficient in application under rule 1.05(d) which states: "All pleadings . . . and other papers tendered by counsel for filing shall be *signed personally by counsel*, as required by Rule 11, Fed.R.Civ.P." (emphasis added). Evidence exists that each and every document in this case filed by the Plaintiff was reduced to PDF format by attorneys, other than those appearing in this case, on computers previously owned by Steele|Hansmeier now owned by Prenda Law, Inc.

*Drafting of Documents*

34. Based upon information and belief and from inspection of the PDF documents filed in this case, all or most of the documents filed within this case by the Plaintiff were both drafted and placed into final form by agents of Prenda Law without any attribution (aside from the blgibbs@wefightpiracy.com, an e-mail belonging to Brett Gibbs, California attorney, on the face of the complaint). This fact was deduced based on a very simplistic and non-thorough forensic examination conducted by current counsel of the filings in this case and others, reflecting evidence of the computers used throughout the cases.

35. If the court should find sufficient cause to investigate further:  On strictly a hunch, Defendant would request that the Court inspect the ECF system to see if Florida, California, or Illinois IP addresses were responsible for logging into the ECF system and uploading the documents to the Florida courts, or whether it was a secure VPN (i.e. boxXXX.bluehost.com, MullVad VPN, or Regus Virtual Office) reflecting the activity of Illinois attorney John Steele and/or Prenda Law, Inc.

Because it was in a fixed form prior to the multi-state shuffle, no attorney licensed within the State of Florida has personally signed the complaint in this matter, as it was in a fixed form when it was presented either to that attorney or directly uploaded into the ECF system by those out-of-state attorneys without review of local counsel.  Defendant would not know, without review of the IP addresses associated with those filings, whether the truth is that each one was presented to local counsel for their filing and approval, or whether it was filed directly by a California, Illinois, or a Florida attorney.

WHEREFORE, if this case is not dismissed under other motions, the Defendant requests that every document filed by the Plaintiff be struck as lacking the required personal signatures under rule 1.05(d) and Rule 11.

### MOTION TO STRIKE COMPLAINT PURSUANT TO LOCAL RULE 1.06(b)

Plaintiff seeks injunctive relief, yet fails to state such in the title of their complaint in disagreement with rule 1.06(b).  The Defendant also asserts that the injunctive relief sought is logically well beyond the scope of the ability of Defendant and should be struck as a matter of common sense.  If the court does not dismiss under the other arguments presented here, the Defendant requests that the court dismiss the complaint or strike the pleading for failure to comply and force the Plaintiff to file a more definite statement as to the Plaintiffs request for equitable relief.

Dated this 12th day of September, 2012.

Respectfully submitted,
Graham W. Syfert, Esq.,P.A.


By: s/ Graham W. Syfert_____

Graham W. Syfert (39104)
Trial Counsel
FL/GA Attorney at Law
1529 Margaret St, Unit 2
Jacksonville, FL 32204
Phone: (904) 383-7448
Fax: (904) 638-4726
graham@syfert.com

    I HEREBY CERTIFY, that a true and correct copy of the foregoing was sent by e-mail this day, to attorney for the Plaintiffs, Matthew Wasinger, Esq., mattw@wasingerlawoffice.com, this 12th of September, 2012.

By: s/Graham W. Syfert_____
Graham W. Syfert (39104)

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# TAMPA DIVISION

| | | |
|---|---|---|
| FIRST TIME VIDEOS, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| | ) | |
| | ) | 8:12-CV-1686-MSS-AEP |
| v. | ) | |
| | ) | *September 18th, 2012* |
| PAUL OPPOLD, | ) | |
| | ) | |
| | ) | PROPOSED ORDER |
| Defendant. | ) | |

## <u>ORDER ON DEFENDANT PAUL OPPOLD'S OMNIBUS MOTION TO DISMISS</u>

THIS MATTER, having come before this court on an omnibus motion to dismiss filed by defendant Paul Oppold, and the court, having read the papers of the parties and carefully considering their arguments, the court finds that the motion is GRANTED:

Defendant in this matter filed an omnibus motion to dismiss for willful violations of the local rules by failing to disclose previously related cases, and gave sufficient factual basis for the court to conclude upon those findings. Based upon the compelling reasons behind the dismissal, the Court need not address the Defendant's 12(b)(6) motion on the action of negligence, or Plaintiff's motion to transfer case [D.E. 11].

This Court specifically finds that the Plaintiff took actions evidencing a knowing violation of the order of the court [D.E. 5] by failing to disclose previous related cases. Based upon the foregoing, the sanction of dismissal is an appropriate remedy.

In accordance with the foregoing, the Plaintiff's complaint is DISMISSED with prejudice.

IT IS SO ORDERED

_____
United States District Judge

cc: Counsel of Record