# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### ORLANDO DIVISION

FIRST TIME VIDEOS, LLC,        )
)
)
                   Plaintiff,   )
)     Civil Action No.
)     6:12-CV-01493-CEH-KRS
v.                     )
)     *December 6, 2012*
PAUL OPPOLD,           )
)
)
              Defendants,  )

### DEFENDANT PAUL OPPOLD'S MOTION FOR AWARD OF ATTORNEY'S FEES

Defendant, Paul Oppold and states, by and through undersigned counsel and pursuant to Fed.R.Civ.P. 54(d) and 11, 17 U.S.C. §§ 412, 505, 28 U.S.C. §1927, and the Court's inherent power, hereby moves for an award of attorney's fees against Plaintiff First Time Videos, LLC, and for a lodestar multiplier and states:

*Procedural Background*

1. Plaintiff initiated a previous case against "John Doe" at IP address 97.102.232.95  in *First Time Videos, LLC  v. John Does 1-76*, 1:12-CV-20921-JAL (S.D. FL) (hereinafter "the Miami case") and discovered the name and address of the Defendant.  The plaintiff complained of 1) copyright

infringement, 2) civil conspiracy, 3) contributory infringement.  (D.E. 1 in the Miami Case).

2.   On or about 7/12/2012, the Plaintiff sent a demand letter to the 97.102.232.95, offering to settle the Miami case, stating the case name, number, and a statement that such offer was not admissible pursuant to FRE 408.  (Letter attached as Exhibit "A" to prove the matter of an earlier related case and is therefore permitted under FRE 408).

3.   The letter further accused Defendant of downloading the file **FTV-Tiffany on February 20th, 2012, at 9:59:54 PM UTC**, as did the complaint in the Miami case.

4.   On 7/27/2012, four days prior to the instituting of this action in the Tampa, Plaintiff filed a document entitled "Voluntary Dismissal of a Certain Doe Defendant Without Prejudice" and dismissed the Doe defendant with IP address 97.102.232.95. (Dkt #33 in the Miami case, Voluntary dismissal attached as Exhibit "B").

5.   On 7/31/2012, Plaintiff filed the instant complaint and demanded a jury trial. That complaint accused the defendant of downloading the file **FTV-Tiffany on February 20th, 2012, at 9:59:54 PM UTC**.

6.   The Plaintiff in the instant case included counts for 1) copyright infringement - reproduction, 2) copyright infringement – distribution, 3) contributory infringement, 4) civil conspiracy, and 5) negligence.  The two counts added

from the previous case to the instant case were involving the same occurrence

and event.

7.   The Defendant raised the existence of this previous case in his motion to

dismiss, and alleged that the Plaintiff's absence of inclusion of the earlier case

in its notification to the court was an effort to dodge the previous dismissal.

(D.E. 14) (moving to dismiss for failure under Local Rule 1.04(c) and orders

of the court).

8.   Plaintiff's response to this allegation of deception was to state: "the previous

case was against 76 unnamed Doe defendants, while this case is against *one*

named Defendant.

*A Voluntary Dismissal Under Rule 41(1)(a)(i) Operates*

*as an Adjudication on the Merits*

The Plaintiff in this case has voluntarily dismissed this matter pursuant to

FRCP 41(a)(1) in this case and in 1:12-CV-20921-JAL (S.D. FL).

FRCP Rule 41(B) states:

"(B) Effect. Unless the notice or stipulation states otherwise, the dismissal
is without prejudice. **But if the plaintiff previously dismissed any
federal- or state-court action based on or including the same claim, a
notice of dismissal operates as an adjudication on the merits**."
(emphasis added).

The question before the court is whether the Plaintiff previously dismissed

any federal- or state-court action including the same claim.  Based upon the

procedural history, it is readily apparent that the Plaintiff alleged copyright

infringement, civil conspiracy, and contributory infringement in both cases.  Both

cases alleged the same set and time of occurrences, and the Plaintiff used the previous Miami case as leverage to obtain a settlement from the Defendant for the same act complained of in the instant case.

In civil actions, involving John Doe defendants, Rule 41 orders of dismissal in previously related cases were effective as dismissals against those individuals even though they had not yet been identified.  *See Joseph Andrews v. John Doe Arresting Officer*, CV-08-2052-PHX-MHM (MHB), (D. Az. 2008). *See also Goel v. Heller*, 667 F. Supp. 144, 151 (D. N.J. 1987) (stating that "One can not invoke "John Doe" to avoid res judicata and relitigate claims *ad nauseum* when in large measure the acts and statements complained of" were previously litigated.)

In questions of related cases, federal courts have generally adopted the transactional approach. *See In re Atlanta Retail, Inc.*, 456 F. 3d 1277, 1285 (11th Cir. 2006).  The transaction approach focuses on the factual situation in which the actions arise.  *Radle v. Allstate Ins. Co.*, 758 F. Supp. 1464, 1467 (M.D. Fl. 1991). From the evidence attached to this motion and from the claims in common between the two cases, it is apparent that the factual situation complained of in both the Miami complaint and the instant complaint involves one occurrence, alleged to have been committed on February 20th, 2012, at 9:59:54 PM UTC.  The other theories claimed by the Plaintiff in this new suit are only alternate theories of liability proposed by the Plaintiff were attempting to prove one act.

*The Defendant Is the Prevailing Party and Entitled to an Award of*

*Reasonable Fees Under 17 U.S.C. § 505*

For the reasons above, Defendant is the prevailing party under 17 U.S.C. § 505 and is entitled to an award of fees at the courts discretion. *See generally Cable/Home Commc'ns Corp. v. Network Prods., Inc.*, 902 F.2d 829, 853 (11th Cir. 1990).

In deciding whether to award fees, the Court should consider whether the position of the losing party was (1) frivolous or (2) objectively unreasonable, (3) the losing party's motivation in litigating the action; and (4) the need to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 n. 19 (1994). Balancing these factors, the Eleventh Circuit has stressed that a court focus on whether an award of fees will further the goals of the Copyright Act. *Mitek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 1999).

## A.  Frivolousness

Due to the dismissal for fraud on the court at a very early stage, no factual determinations were made regarding the Plaintiff's actual claim of copyright infringement.  After filing and before service, the Defendant in this action voluntarily offered up his computer for inspection by agents of the Plaintiff and claimed innocence and a lack of knowledge.  Despite the volunteering and cooperation and claim of innocence, the Plaintiff through its agents continued the case were unwilling to address actual issues of liability, and instead intended to proceed solely on the tenuous action of negligence.

## B.  Objective Reasonableness

Through continuing to maintain the action of negligence within the complaint, the Plaintiff has specifically attempted to leverage the idea that even if the Defendant did not commit civil violations of infringement that he would still have responsibility and liability for infringement and statutory damages.   While neither Plaintiff nor its attorney should be punished for their use of a novel concept to establish liability, this theory has been tested within Federal Courts by Brett Gibbs in other jurisdictions, and has never met with a favorable opinion of a judge.   According to all statements of the counsel for the Plaintiff, Brett Gibbs was supposedly the author of the complaint in this action, and is a known agent of Prenda Law in California.  Within his own state, he has lost this argument in *AF Holdings v. Hatfield*, 4:12-cv-02049-PJH (N.D. Cal. Order, Dated September 4th, 2012, D.E. 26)  and in another case, *AF Holdings v. Botson*, 5:12-CV-02048-EJD (N.D. Cal. Order, Dated October 3rd, 2012, D.E. 29).   Other cases have attempted to prove this "novel legal theory" have also fallen flat in other jurisdictions, with more skilled attorneys.   The *AF Holdings* cases *supra* were quickly decided and should have contained a sufficient amount of common sense and legal reasoning to dissuade Mr. Gibbs and Prenda Law from continuing to claim that ISP subscribers are responsible for the copyright violations of their children, roommates, friends, houseguests, neighbors, and unwanted intruders.

## C.  Motivation

Much of the Motion to Dismiss (D.E. 14) relates to the Defendant's claim that he was sued specifically as revenge for the bar complaints exchanged between counsel for the Defendant and Prenda Law.  Through their filings and hiring of local counsel, Prenda

Law and their agents have attempted to distance themselves from the actions of the Plaintiff, stating that the Plaintiff took this action of his own volition to enforce a legal right and that this case was not motivated by revenge or the actors of Prenda Law.

### D. Deterrence and Advancing Considerations

Despite the objection of many attorneys, the Court within the Northern, Middle and Southern Districts have liberally granted early discovery to a Plaintiff alleging harm through the infringement that can occur in bittorrent swarm.  Given their potential liability, limited damages, First Time Videos and their counsel should be more wary of the consequences of filing and dismissing cases.

Upon filing, and even after the urging of Defendant's counsel, Plaintiff would not acknowledge to this court the previous case or orders relevant to the instant case.  By entering into this litigation, Plaintiff tried to hide this previous dismissal from the court to avoid the potential penalty of an attorneys fee award under the "two dismissal rule" as this motion presents.  Defendant fully expects Plaintiff to deny that the previous case was related, but expects that no facts can be produced to show that they were not related.

*Lodestar Amount*

The lodestar amount is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). The court may adjust accordingly based on the quality of the results and representation in the litigation. *Id.*

Counsel for Defendant charges $250.00/hr and has reasonably expended 30.1 hours; has made reductions and redactions on time entries on investigations and lines of

questioning which lead to dead ends or were reasonably expected knowledge of a professional copyright attorney making $250.00/hr.   The undersigned makes the statement under oath and penalty of perjury that he has charged the Defendant $250.00/hr and customarily charges $250.00 for his services with only slight deviations upwards and downwards depending on his interest in the subject matter or the complexity of the case. Defendant agreed to pay $250.00 per hour for the services of counsel and paid an invoice to that effect.

Because of the similarities of two other cases with roughly the same timeline, many of the events such as document drafting and communication concerned two or three pending cases in a general sense and not any one case in particular.  Counsel for Defendant further reduced his fee for time doing research, drafting, and counsel communications between his similarly positioned clients to reduce those hours by a half or two thirds depending on whether the work was beneficial to one, two, or all similarly positioned defendants.  Such reduction is noted within the timesheet.    All clients agreed in their representation that this would lead to an overall reduction in fee.  Some events and notes were removed for purposes of litigation preparation in another current case, and those hours will not be pursued due to a lack of desire to provide specifics or to answer any questions regarding the specifics.

Attached as Exhibit "C" to this motion is the time sheet detailing events necessary to the furtherance of the defense of this litigation, and it purposefully omits some large wastes of time and several small events important to all cases.  It also omits the time to draft this motion.

### Sworn Statements

Attached as Exhibit "D" is the affidavit of Christopher Taylor, former general counsel for a company engaged in intellectual property disputes is familiar with the rates common among attorneys accepting intellectual property cases in Tampa office next to mine and is familiar with my customary rate of $250/hr in state cases.  To explain away any possible claim of impropriety and in full disclosure explaining similar addresses, The Taylor Law Office, P.A. sublets an office from Graham W. Syfert, Esq., P.A. but shares no clients, phone number, or any other interest in this litigation.

Attached as Exhibit "E" is the affidavit of Alex Cvercko a civil litigator in the real estate and construction field who often litigates within the federal court system in the Middle District, and who is familiar with counsel's customary $250.00/hr fee for clients involved in litigation.

### Request for Upward Departure of Lodestar by Multiplier

Based on the nature of this case and the nature of the representation of the Defendant, counsel requests that this court find that the performance in this case, and the nature of this case, warrant an award of an upward departure under the *Johnson* factors:

> "Within this Circuit, a district court determining an attorney's fee award must consider the following twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), abrogated on other grounds, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). Although the district court must examine each of the Johnson factors, it is

not obligated to adjust a fee upward or downward in every instance where one or another of the factors is found to be present. *Marion v. Barrier*, 694 F.2d 229, 231 (11th Cir. 1982). Rather, Johnson suggests a balancing process, with the trial judge remaining responsible for the discretionary functions of assessing the weight to be given to each factor and the appropriate adjustments to make in the fee. Id."

from Palmer v. Braun, 6:00-cv-1662-Orl31JGG (M.D. Fl. 2005)

*Johnson Factor Analysis*

(1)  There is nothing excessive in the amount of preparation that counsel took in this matter, as he was prepared to fully engage in discovery and prepare for trial, and counsel purposefully excluded several unnecessary or fruitless activities despite their recording.  Counsel for Defendant began preparing for trial when he received the case in the mail, and counsel believes that cases are won by early preparation.  Defendant should not be punished by a reduction of the award due to his early industriousness, or the quick and sudden dismissal of this action.  The deadline for the case management conference approached with preparation by the Defendant.

(2) Bittorrent litigation creates new areas of inquiry however there is nothing all too novel or difficult about the legal issues within a bittorrent case.  Any novel or difficult questions presented would be within the technology area of the case, which is noted in factor number 3.

(3) Due to the manner of dismissal, this particular case *required* no excessive legal skill, however it is also within this courts power to gauge the skill of the attorney based on his performance in the case at bar.  *See Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1300 (11th Cir. 1988).  While the ultimate dismissal was

voluntary, counsel for the Defendant believes he has presented himself in an exemplary fashion before this court, and crafted a persuasive efficient motion that got to the heart of real problems within the case.

Defendants counsel is a former system administrator, machine control programmer and had previously been paid rates averaging about $50/hr consulting on issues of technology and computer networks, practicing in the niche market of small businesses without IT departments as well as general consumer assistance.  Defendants counsel is a frequent consultant for quick opinions requested by other attorneys on matters of digital forensic evidence in both criminal and intellectual property cases.

Counsel has extensively studied the bittorrent protocol, its updates, and applications, and its behaviors.   This extensive experience in technology was expected to save the defendant costs to get interpretations of the digital evidence supposedly collected in this matter. This extensive experience also meant that the Defendant did not have to pay for the time it would take a non-technically minded attorney to study the intricacies of the bittorrent protocol which would normally be necessary early in the preparation of a case to understand what should be requested in discovery.

Although counsel has only appeared on one previous intellectual property case within federal court involving a trademark, he is well studied in the subject of copyright, has advised many consumers in the area of copyright for a premium fee, and more recently has represented a copyright holder *pro bono* in an effort to preserve the history of James Weldon Johnson heritage tour when the copyright was threatened by a governmental entity.  Counsels' lack of copyright clients engaged in federal litigation is

from a propensity to be reasonable and negotiate settlements, rather than a lack of disputes.

(4) Defendant's counsel was precluded from other employment of 119 potential clients within the State of Florida by acceptance of this case by their relation to the Defendant in the previously related Miami case, and counsel turned down representation of certain Prenda Law "targets" who called requesting assistance. At least one Prenda Law client contacted counsel and the charge would have been $800.00, however, that client was rejected due to the representation in this matter.  No fewer than five Prenda Law "targets" contacted counsel for Defendant after July 31st, 2012, and their representation was rejected due to this lawsuit, resulting in a loss of expected revenue of approximately $2500.00.

(5) The customary fee for a case of this type would easily exceed more than requested by the Defendant.  The Defendant and Defendant's attorney should not be penalized for the time spent in thorough and early preparation for matters that should have been disclosed.  However, if challenged on his fee, counsel believes that any determination of customary fees in this type of case should be higher than the hourly rate requested by Prenda Law in any default judgment scenario, which Defendants counsel assumes will be $250 or higher.

There were no unweildly (7) time limitations imposed by the client or the circumstances; (8) the Plaintiff was maintaining an action for willful infringement and likely would seek maximum damages in the amount of $150,000.00 for the infringement. See AF Holdings v. Darryl Lessere, 12-cv-22156 (SD FL, Default Judgment for

infringement of one pornographic work, advertised by Prenda Law, Inc. of Chicago, at
http://wefightpiracy.com/userfiles/Lessere%20Judgment.pdf ).

(9) The experience, reputation, and ability of the attorneys is not a factor that
should necessarily be considered by the court, because it is essentially figured into the
lodestar amount by the hourly rate of $250/per hour (10) and the case was not particularly
undesirable.  (11)  Defendant's attorney represented defendant only for a brief period of
time before this litigation at the rate of $250.00 per hour, so no upward or downward
adjustment is necessary under this factor.

(12) As for awards in similar cases, counsel for Defendant would challenge
Plaintiff to show the lowest hourly rate of any fee request made by Prenda Law, Inc. in a
default Judgment scenario in similar cases.

### *Lodestar Multiplier under Johnson is Reasonable at 1.6 or Higher*

Based upon the foregoing, the counsel for the Defendant requests this court find
that a lodestar multiplier with an upward departure is warranted and find that a multiplier
of at least 1.6 is appropriate to compensate the Plaintiffs attorney for his existing
technical knowledge which saved time that would have been spent studying the bittorrent
protocol, and his exclusion from representation of other "targets" of Prenda Law, which
resulted in a loss of expected earnings of no less than $3,300.00.

WHEREFORE, the Defendant requests an award of 30.1 hours at a rate of
$250.00/hr for a total of $7525.00, plus the $500.00 true retainer charged the Defendant

as reflected in the attached timesheet, and a lodestar multiplier of 1.6, for a total award of

$12,840.00 against First Time Videos, LLC

Dated this December 6, 2012

Respectfully submitted,
Graham W. Syfert, Esq.,P.A.

By: s/ Graham W. Syfert
        Graham W. Syfert (39104)
        Trial Counsel
        FL/GA Attorney at Law
        1529 Margaret St, Unit 2
        Jacksonville, FL 32204
        Phone: (904) 383-7448
        Fax: (904) 638-4726
        graham@syfert.com

I HEREBY CERTIFY, that a true and correct copy of the foregoing was sent by e-mail this day, to attorney for the Plaintiffs, Jonathan Torres, jonathantorresllc@gmail.com, this 6th of December, 2012.

By: s/ Graham W. Syfert
        Graham W. Syfert (39104)

Exhibit A

# JOSEPH PEREA, P.A.
## ATTORNEYS AT LAW

9100 S Dadeland Blvd.
Suite 1500
Miami, FL 33156
P: (305) 396-8835
F: (305) 396-8752
joperea@perealawfirm.com

07/12/2012

**VIA U.S. MAIL**
Paul Oppold

Orlando, FL 32826

      Re: First Time Videos, LLC. v. Does 1-76
      **1:12-cv-20921 Ref #80900**

Dear Paul Oppold:

We have been retained by First Time Videos, LLC to pursue legal action against people who illegally downloaded their copyrighted content (i.e., 'digital pirates'). Digital piracy is a very serious problem for adult content producers, such as our client, who depend on revenues to sustain their businesses and pay their employees.

On February 20, 2012 at 9:49:54 PM UTC (UTC), our agents observed the IP address with which you are associated illegally downloading and sharing with others via the BitTorrent protocol the following copyrighted file(s):

    *FTV - Tiffany*
    *The ISP you were connected to: Bright House Networks*
    *Your IP Address you were assigned during your illegal activity: 97.102.232.95*

We have received a subpoena return from your ISP confirming that you are indeed the person that was associated with the IP address that was performing the illegal downloading of our client's content listed above on the exact date(s) listed above.

On 3/07/2012 we filed a lawsuit involving the copyright infringement claims described above, to wit (First Time Videos, LLC. v. Does 1-76). Under the applicable rules of civil procedure, our lawsuit against you personally will not commence unless we serve you with a Complaint.

While it is too late to undo the illegal file sharing associated with your IP address, we have prepared an offer to enable our client to recover damages for the harm caused by the illegal downloading and to allow both parties to avoid the expense of a lawsuit.

Exhibit B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-20921-Lenard

FIRST TIME VIDEOS LLC,

        Plaintiff,

  vs.

DOES 1 – 76,

        Defendants.

_____/

## NOTICE OF VOLUNTARY DISMISSAL OF A CERTAIN DOE DEFENDANT WITHOUT PREJUDICE

NOTICE IS HEREBY GIVEN that, pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff voluntarily dismisses, *without* prejudice, all causes of action in this complaint against the Doe Defendant associated with Internet Protocol address 97.102.232.95. This Doe Defendant has neither filed an answer to Plaintiff's Complaint, nor a motion for summary judgment with respect to the same. Dismissal under Federal Rule of Civil Procedure 41(a)(1) is therefore appropriate.

                        Respectfully submitted,

                        First Time Videos LLC

**DATED**: July 27, 2012

                By:    /s/ Joseph Perea_____
                        Joseph Perea (Bar No. 47782)
                        Prenda Law Inc.
                        1111 Lincoln Road, Suite 400
                        Miami Beach, Florida 33139
                        Telephone: (305) 748-2102
                        Telecopier: (305) 748-2103
                        joperea@wefightpiracy.com
                        *Attorney for Plaintiff*

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 27, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.


    /s/ Joseph Perea    

Exhibit C

| Description | Hours | Rate/Basis | Amount |
|---|---|---|---|
| Drafting emial, review of docket, advising client | 0.3 | WH | |
| Phone calls, emails with Paul oppold, 7-16-7-24 | 1.5 | WH | |
| 7-24 - Drafting letter of representation to Joseph Perea PA, Fax, Fax Confirmation - Told to fax to Prenda Law instead | | FLAT | $500.00 Flat |
| CLEAR INV #211 | | | |
| 7-31 - Review of Oppold complaint, docket,research on banas,review of summons, review of FTV cases | 1.3 | | |
| 7-31 - review of letter sent to Prenda Law, and fax confirmation, Review of Complaint, Review of FTV v Does, previous case, review of docket, review of various motions to dismiss and motions to quash filed by defendant counsel, review of order denying MTQ's, emails | 2.3 | | |
| 7-31 - E-mail to Banas re: his acceptance of 3 Prenda Law cases | 0 | ONETHIRD | |
| 8-21 - review of incoming Wasinger e-mail, Reply to Wasinger e-mail | 0.5 | ONETHIRD | |
| 8-28 - Separation of incoming documents (all documents from 3 cases in one envelope, stapled documents) | 0.1 | ONETHIRD | |
| 8-29 - Call to client | 0.2 | | |
| 8-29 - Phone call to client, vm | 0.2 | | |
| 7-31 - Phone call to client | 0.4 | | |
| 7-31 - Phone call to client, vm | 1.5 | | |
| NB (redacted and omitted for MTN for atty fee) | 0.2 | | |
| 8-13 - Review of incoming Motion to Substitute Attorney, research on Wasiger | 0.8 | ONETHIRD | |
| 8-21 - E-mail to Wasinger re: 3 cases, asking for reasonable numbers, explaining position on the case | 0.2 | ONETHIRD | |
| NB (redacted and omitted for MTN for atty fee) | 0 | | |
| 9-2 - Draft of Motion to Dismiss Negligence, consultation with outside counsel | 1.3 | ONEHALF | |
| 9-5 - Research into FTV, corporate structure, affiliates, subsidiaries, old companies, etc. | 1.2 | | |
| 9-5 Drafting Motion to Dismiss, case law Research - corporate local rule, violation of local rules, violating court orders | 2.3 | ONEHALF | |
| 9-6 Drafting Motion to Dismiss - previous case, Research, Misc e-mail phone Consultation with Outside counsel, d | 2.3 | ONEHALF | |
| 9-6 Call to Client re: (redacted for MTN for atty fee) | 0.6 | | |
| 9-6 Call to Client re: (redacted for MTN for atty fee) | 0.5 | | |
| 9-7 Creating and Splitting all Documents into two cases, editing motion to dismiss | 1.1 | ONEHALF | |
| 9-7 Inspection of FTV Video website, finding FTV Tiffany, looking for FTV Tiffany, webscreencaps of Tiffany, maybe his wife? Walmart, Public, vegetables, weird voyueristic and objects, prurient? (redacted for MTN for atty fee) | 1.3 | | |
| 9-8 Research on caselaw re: copyrightability of pornography, obscenity, 5th cir | 1.3 | | |
| NB (redacted and ommitted for MTN for atty fee) | 0.8 | | |
| 9-10 Editing Motion to Dismiss, Certificate of Interested Persons | 0 | ONEHALF | |
| 9-11 Editing Motion to Dismiss, Consultation with outside counsel, editing motion to dismiss, drafting MTD transfer | 0.7 | ONEHALF | |

Exhibit C cont

| Description | | | |
|---|---|---|---|
| 9-12 Final Review of Document, signature, prep of ECF first filings | 0.3 | | |
| 9-12 Final review, motion to dismiss, signature, prep of ECF second filings. | 1.2 | | |
| 9-26 Review of Wasinger signed document, reply to MTD, research caselaw, notes | 0.7 | | |
| 9-26 Pulling details regarding authorship, and creation, of the PDF file reply MTD... other metadata | 0.2 | | |
| 10-1 Review of order motion change venue | 0.2 | | |
| 10-2 New case number assigned, research of opinions, judges, orlando, notes. | 0.5 | | |
| 10-16 - wasinger, called and informed that hew as going to be withdrawing from the case and scheduling case mgmt conf | 0.1 | ONEHALF | |
| 11-2 - wasinger, vm | 0.1 | ONEHALF | |
| 11-5 – Wasinger: I informed him that I would be filing a motion on ethics violations if we did not have the scheduled meeting before the 12th, and that it was designed to lengthen the amount of time necessary for the disco and the case, advised that he had to talk with brett gibbs in cali | 0.1 | ONEHALF | |
| 11-7 - Wasinger phone call 44 minutes discussing withdrawl options, 5 minutes of notes | 0.4 | ONEHALF | |
| 11-7 Wasinger e-mail regarding withdraw options | 0.2 | ONEHALF | |
| NB (redacted and omitted for MTN for atty fee) | 0 | | |
| 11-8 Review of Motion to extend time and withdraw | 0.2 | | |
| NB (redacted and omitted for MTN for atty fee) | 0 | | |
| 11-8 Misc incoming Wasinger e-mails, review and replies | 0.3 | ONEHALF | |
| 11-8 Phone call with Matthew Wasinger | 0.1 | ONEHALF | |
| 11-9 Review of Orders on motions withdarw and extend time | 0.2 | ONEHALF | |
| 11-12 Review of joint motion to substitute attorney, research on torres | 0.2 | | |
| 11-14 Review order on motion to substitute | 0.2 | | |
| 11-20 Review of motion to withdraw | 0.1 | | |
| 11-21 Review of docket | 0.1 | | |
| 11-27 E-mail regarding possible settlement options | 3.4 | | |
| 11-29 Review of reply from torres, and reply to torres | 0.4 | | |
| | 30.1 | | |
| x $250 Hourly | 30.1 Hours | | Additional 500 Flat Fee |
| Total | $8025 | | $7525 |

Total Actual Hours With all Redacted Hours:38.3

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

| | |
|---|---|
| FIRST TIME VIDEOS, LLC,         ) | |
|         ) | |
|         ) | |
| Plaintiff,     ) | Civil Action No. |
|         ) | 6:12-CV-01493-CEH-KRS |
| v.         ) | |
|         ) | |
| PAUL OPPOLD,     ) | |
|         ) | |
|         ) | |
| Defendants,   ) | |

## AFFIDAVIT CHRISTOPHER TAYLOR REGARDING REASONABLE ATTORNEYS FEE

STATE OF FLORIDA)
                )ss.
COUNTY OF DUVAL)

Before me, this day personally appeared <u>Christopher Taylor,</u> Esquire who being by me first duly sworn, deposes and says that:

1. He is an attorney licensed within the State of Colorado since 1999 and within the State of Florida since 2010, and practiced under the Florida Bar house counsel exception within the State of Florida from August, 2006 to May, 2010 and from May, 2010 through March, 2012 as a member of the Florida Bar as an in-house attorney for a worldwide on-line media company engaged in intellectual property disputes. During his last two years of employment with the worldwide on-line media company, he served as general counsel.

2. As general counsel within the State of Florida, one of his duties was to secure attorney employment and therefore to shop the state, and other jurisdictions, to

employ intellectual property attorneys to represent his client within this state, including within Middle District of Florida, and other federal jurisdictions.

3. He is acquainted with the customary fee to employ Graham W. Syfert, and that the fee is $250.00 per hour, and such fee is reasonable based on his reputation and experience.

4. Based upon the nature of this case, the time spent, and skill evidenced by such files, records, and documents, in his opinion, the lodestar multiplier of 1.6 and the associated fee of $12,840.00 in fees is a reasonable fee.

5. Based upon Mr. Syfert's apparent dedication to this matter, without regard to whether payment of the client was forthcoming, and having first hand knowledge of Mr. Syfert's knowledge within the area of technology and Bittorrent litigation, affiant believes the lodestar multiplier could be increased to a factor of 3 even such increase was not requested, and that an award closer to $30,000.00 could also be a reasonable fee for his undertakings.

6. That the foregoing statements are true under penalty of perjury.

FURTHER AFFIANT SAYETH NAUGHT

Christopher M. Taylor, Esq.
1529 Margaret St, Unit 2
Jacksonville, FL 32204
904-339-5298

Subscribed and sworn to before me, this ___ day of DECEMBER, 2012, and affiant has produced _____ as identification or is personally known to me.

X_____
Notary Public

(affix seal)

LUCY I NORD
MY COMMISSION # EE049845
EXPIRES December 16, 2014
(407) 398-0153    FloridaNotaryService.com

Exhibit E

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

| | |
|---|---|
| FIRST TIME VIDEOS, LLC,                    ) | |
| ) | |
| ) | |
| Plaintiff,     ) | Civil Action No. |
| ) | 6:12-CV-01493-CEH-KRS |
| v.                                                       ) | |
| ) | |
| PAUL OPPOLD,                               ) | |
| ) | |
| ) | |
| Defendants,    ) | |

## AFFIDAVIT ALEXANDER B. CVERCKO REGARDING REASONABLE ATTORNEYS FEE

STATE OF FLORIDA)
                           )ss.
COUNTY OF DUVAL)

Before me, this day personally appeared <u>Alexander B. Cvercko,</u> Esquire who being by me first duly sworn, deposes and says:

1. That he is an attorney licensed within the State of Florida since 1999, and is admitted to practice in every district of this state and actively litigates within the federal district, and has offices in Jacksonville and Orlando.

2. That he is acquainted with the customary fees in Orlando, FL for general civil litigation in federal court, and is personally familiar with the dedication of Graham W. Syfert to his clients and their causes.

3. That he is acquainted with the customary fee to employ Mr. Syfert, and that the fee is $250.00 per hour, and such fee is reasonable based on his reputation and experience.

4. That based upon the nature of this case, the time spent, and skill evidenced by such files, records, and documents, reviewed that in his opinion, the lodestar multiplier of 1.6 and the associated fee of $12,840.00 is also a reasonable fee.

5. Having first hand knowledge of Mr. Syfert's knowledge within the area of technology and Bittorrent litigation, affiant believes that Mr. Syfert's representation is worthy of a lodestar multiplier where his resulting fee is in the area of $30,000.00 and that such increase would be reasonable given the results obtained.

6. That the foregoing statements are true under penalty of perjury.


FURTHER AFFIANT SAYETH NAUGHT

Alexander B. Cvercko, Esq.
12620 -3 Beach Blvd #314
Jacksonville, FL 32246
904-821-8700


Subscribed and sworn to before me, this ____ day of December, 2012, and affiant has produced __I. D. - D. L.__ as identification or is personally known to me.

x _____

Notary Public

Notary Public State of Florida
Rene M Tabb
My Commission EE 172243
Expires 02/22/2016

(affix seal)

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

| | |
|---|---|
| FIRST TIME VIDEOS, LLC, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| | ) 6:12-CV-01493-CEH-KRS |
| v. | ) |
| | ) PROPOSED ORDER |
| PAUL OPPOLD, | ) |
| | ) |
| | ) |
| Defendants, | ) |

## ORDER ON DEFENDANT PAUL OPPOLD'S MOTION FOR ATTORNEYS FEES

Upon considerations of the factors in Johnson, 488 F.2d 714, 717-19 (5th Cir.1974), and pursuant to relevant law and the motion of the Defendant:

IT IS HEREBY ORDERED that the Defendant is awarded and shall recover from First Time Videos, LLC, the amount of $14,224.90 in attorneys' fees and costs, which shall accrue interest at the statutory rate and let execution issue.


IT IS SO ORDERED

_____
Charlene Edwards Honyewell
United States District Judge

cc: Counsel of Record