UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FIRST TIME VIDEOS LLC,

      Plaintiff,                              Case No. 6:12-cv-01493-CEH-KRS

      v.

PAUL OPPOLD,

      Defendant.
_____/

**RESPONSE OF PLAINTIFF FIRST TIME VIDEOS, LLC TO DEFENDANT PAUL OPPOLD'S SECOND MOTION FOR AWARD OF ATTORNEY'S FEES**

Defendant Paul Oppold ("Defendant") has moved for an award of attorney's fees against Plaintiff First Time Videos, LLC ("Plaintiff" or "FTV"). Doc. 33. For the reasons argued herein, Defendant's motion should be denied.

**MEMORANDUM**

**I.    Defendant's motion for fees should be denied on the merits**

Defendant's motion for fees should be denied on the merits. First, Defendant fails to establish that he is eligible for an award of attorney's fees under the Copyright Act. Second, an award of fees is not warranted under Federal Rules of Civil Procedure 11 or 54, 28 U.S.C. Sections 1920 or 1927, or the Court's inherent authority.

**A.  Defendant is not eligible for an award of fees under the Copyright Act.**

Defendant is not eligible for an award of fees under the Copyright Act because he is not a prevailing party and because Defendant's actions have not furthered the interests of the Copyright Act.

1

-
-
-

## 1. Defendant is not a prevailing party

Section 505 of the Copyright Act provides that a court may, in its discretion, award full costs, including attorneys' fees to the "prevailing party" in a claim arising under the Copyright Act. 17 U.S.C. § 505. A voluntary dismissal without prejudice does not confer prevailing party status with respect to a copyright claim. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (holding that the term "prevailing party" implies an alteration in the legal relationship of the parties). Several circuit courts have held that *Buckhannon* governs prevailing party status under the Copyright Act. *See, e.g., Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009) (collecting cases and holding that a plaintiff's voluntary dismissal without prejudice of a copyright claim does not confer prevailing party status). FTV voluntarily dismissed this action without prejudice (Doc. 29) and the case was formally terminated without prejudice. Doc. 30. Defendant is absolutely barred from recovering attorney's fees.

Defendant attempts to circumvent *Buckhannon* by invoking Rule 41's "two-dismissal" rule, which provides, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Doc. 33. The "two-dismissal" argument fails because there have not been two dismissals of FTV's claims against Defendant. Defendant argues that FTV's dismissal of an unidentified "John Doe" defendant in a prior action (the "Prior Action") was a first dismissal of FTV's claims him, but this argument is inconsistent with the plain language of the Federal Rules and the policy aims of Rule 41.

A defendant is "a person sued in a civil proceeding or accused in a criminal proceeding." Black's Law Dictionary (9th ed. 2009). Defendant was never sued in the Prior Action. He was never identified in the complaint, no summons was ever issued in his name, he never filed a

responsive pleading, he never filed an appearance, and he never even attempted to intervene. FTV could not have obtained any relief against Defendant in the Prior Action without first naming him in the complaint and serving him with process. "Rule 41(a)(1) was intended to eliminate 'the annoying of a defendant by being summoned into court in successive actions.'" *Cooter & Gell v. Hartmax Corp. Et. Al.*, 496 U.S. 384, 397 (1990) (*citing* 2 American Bar Association, Proceedings of the Institute on Federal Rules, Cleveland, Ohio, 350 (1938)). Here, Defendant cannot plausibly claim "annoy[ance]" with respect to the prior action because he was not required to do anything in response to Plaintiff's claim. Indeed, Defendant does not even attempt to make such an argument in his motion. *See generally* Doc. 33. It stands to reason that if Defendant was not bound by the orders in the Prior Action, then he has no privity with respect to the actual parties to it.

The cases cited by Defendant literally have no relevance to the Rule 41 inquiry. The first decision he cites, *Andrews v. John Doe Arresting Officer*, No. 2:08-cv-2052-PHX-MHM (D. Ariz. December 3, 2008), was a *sua sponte* dismissal without prejudice of a *pro se* prisoner complaint under Federal Rule 41(b) for failure to prosecute. The second case he cites, *Goel v. Heller*, 667 F. Supp. 144, 151 (D. N.J. 1987), involved a res judicata inquiry. The only ostensible relevance of *Goel* was the court's comment that "one cannot invoke 'John Doe' to avoid res judicata and relitigate claims *ad nauseum* when in large measure the acts and statements complained of [were previously litigated]." While this prospect is troubling, it is certainly not present here. Plaintiff is not filing repeated "John Doe" actions to relitigate claims. Instead, Plaintiff's case was against a named defendant. Defendant will enjoy the benefit of the two-dismissal rule if Plaintiff sues him in the future and dismisses the case under Rule 41(a). The remaining two cases cited by Defendant also involve res judicata inquiries. As the moving party,

Defendant bears the burden of showing the two-dismissal rule applies. He has cited no facts or law that would tend to show that Defendant was previously dismissed from an action under Rule 41(a).

### 2. Defendant's actions have not furthered the interests of the Copyright Act

Defendant's actions have not furthered the interests of the Copyright Act. Under the Copyright Act, a court may award a prevailing party its reasonable attorney's fees only if the "imposition of fees will further the interests of the Copyright Act." *Mitek Holdings, Inc. v. Arce Engineering, Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 1999); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526-28 (1994) (discussing the propriety of attorney's fees under the Copyright Act in light of the Act's policy goals). The Copyright Act aims "to stimulate artistic creativity for the public's ultimate good." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975). "It is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." *Fogerty*, 510 U.S. at 527. "To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.* The policies of the Copyright act are furthered if a successful claim or defense increases public exposure to a creative work. *See id.*

The instant action has not furthered—much less implicated—the interests of the Copyright Act. The substance of the motion to dismiss filed by Defendant involved allegations regarding Prenda Law, Inc., its attorneys, and a Mr. Steele, not the merits of Defendant's copyright claims. Alleged procedural misconduct has no relevance to the Copyright Act – a point that Defendant readily concedes. *See* Doc. 33 at 5 ("Due to the dismissal for fraud on the court[1]

---

[1] It is unclear why Defendant believes that Plaintiff's voluntary dismissal under Rule 41(a) is a "fraud on the court."

at a very early stage, *no factual determinations were made regarding the Plaintiff's actual claim of copyright infringement*) (emphasis added).

Because no factual determinations on Plaintiff's copyright claims were made, the policy goals of the Copyright Act have not been furthered in this action. Defendant offers no basis to conclude that Plaintiff's copyright infringement claim against Defendant was anything but meritorious. The Supreme Court has recognized the peril posed by digital piracy. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928 (2005) (citing the concern "that digital distribution of copyrighted material threatens copyright holders as never before.'"). The enforcement efforts of companies like Plaintiff further the goals of the Copyright Act by reversing the "disdain for copyright protection [brought about by mass-digital piracy]." *Metro-Goldwyn-Mayer Studios, Inc.*, 545 U.S. at 929. Defendant fails to cite to any case that would support an award of fees under the circumstances here. Defendant's motion for fees should be denied.[2]

### B. Defendant fails to establish that an award of fees is warranted under Federal Rules of Civil Procedure 11 or 54, under 28 U.S.C. Sections 1920 or 1927 or the Court's inherent authority

Defendant purports to bring his motion under several different statutes and rules, but limits his arguments to the Copyright Act. *See generally* Doc. 33. Out of an abundance of caution the Non-Parties address the grounds identified—but not argued—in Defendant's motion.

### 3. Federal Rule of Civil Procedure 11

An award of fees is not appropriate under Federal Rule of Civil Procedure 11 for several reasons. First, none of the prerequisites under Rule 11 have been satisfied: Defendant's motion

---

[2] It bears mentioning that a significant factor behind Plaintiff's dismissal of this action is the conduct of Defendant's counsel, Mr. Syfert, whose behavior was the subject of a sanctions motion in the U.S. District Court for the District of Columbia. To give the Court a sense of Mr. Syfert's behavior in copyright actions, Plaintiff attaches an exhibit from the sanctions motion. As the attached exhibit makes clear, rewarding Mr. Syfert for his conduct would not further the goals of the Copyright Act.

was not brought separately from other motions, Defendant did not comply with Rule 11's safe-harbor provisions, and the motion does not identify a Rule 11(b) basis for sanctions. Further, Rule 11 applies only to attorneys and unrepresented parties who present a document to the court by signing, filing, submitting, or advocating it. Rule 11(b). Plaintiff did not "present" a pleading or paper to the Court in this action within the meaning of Rule 11(b).

### 4. Federal Rule of Civil Procedure 54

Federal Rule of Civil Procedure 54 merely states the procedure for recovering attorney's fees. *See* Federal Rule of Civil Procedure 54. The Rule does not provide an independent basis for recovering attorney's fees. *Id.*

### 5. 28 U.S.C. Sections 1920 and 1927

The first of the statutes Defendant cites, 28 U.S.C. Section 1920, delineates recoverable costs. It does not provide a basis for recovering attorney's fees. The second statute cited, 28 U.S.C. Section 1927, pertains to counsel's liability for excessive costs. Plaintiff is not the counsel in this action.

### 6. The Court's inherent authority

Defendant does not identify a basis for to Court to exercise its inherent authority to award fees. Nor does one exist. In fact, the word "inherent" appears in the introductory paragraph to Defendant's motion, and nowhere else. *See generally* Doc. 33.

## II. Defendant's fee request is unsubstantiated and excessive

Even if Defendant was entitled to an award of fees, which he is not, he would still be required to submit a claim that is substantiated and reasonable. Defendant's fee request here is unsubstantiated and excessive. First, Defendant fails to meet his heavy burden to establish that a lodestar multiplier is justified in this case. Second, the timesheet submitted with Defendant's motion warrants substantial reductions to the lodestar.

### A. Defendant fails to overcome the strong presumption that the lodestar figure is reasonable

Defendant asserts that a 60% lodestar enhancement is justified. Doc 33 at 13. Defendant's argument fails because Defendant failed to establish any of the factors the United States Supreme Court set forth in *Perdue v. Kenny A. ex rel Winn*, 130 S. Ct. 1662 (2010).[3] "There is a strong presumption that the lodestar figure is reasonable." *Id.* at 1673. This presumption may be overcome in certain circumstances, but these "circumstances are indeed rare and exceptional and require specific evidence." *Id.* at 1674 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). An enhancement of the lodestar is appropriate when a moving party presents specific proof that: (1) the lodestar calculation does not adequately measure the attorney's true market value; (2) an attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted; or (3) an attorney's performance involves exceptional delay in the payment of fees. *Id.* at 1674-1675.

As to the first factor, Defendant admits that "this particular case required no excessive legal skill." Doc. 33 at 10. Defendant further acknowledges that "the experience, reputation and ability of the attorneys … is essentially figured into the lodestar amount by the hourly rate of $250/hour." *Id.* at 13. Defendant thus concedes that no upward enhancement is appropriate under the first *Perdue* factor. As to the latter two factors, Defendant makes no attempt to demonstrate an extraordinary outlay of expenses, exceptionally protracted litigation, or an exceptional delay in the payment of fees. In sum, Defendant's showings do not come close to overcoming the "strong presumption that the lodestar figure is reasonable." *Perdue*, 130 S. Ct. at 1673.

---

[3] Defendant's lodestar enhancement request is analyzed under the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), which consist of twelve factors that provide very little actual guidance to district courts. *Perdue*, 130 S. Ct. at 1671. "An alternative, the lodestar approach, was pioneered by the Third Circuit in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (1973)." The lodestar approach achieved dominance in the federal courts in 2002 and "since that time" has "become the guiding light of … fee shifting jurisprudence." *Perdue*, 130 S. Ct. at 1673. Defendant's use of the *Johnson* factors is inapposite.

**B. The timesheet submitted in support of Defendant's motion warrants substantial reductions to the lodestar.**

The timesheet submitted in support of Defendant's motion warrants substantial reductions to the lodestar figure. A majority of the entries demonstrate excessive and improper billing. Defendant's counsel billed two hours for issuing a form letter of representation, billed at his full rate for various clerical tasks, and billed 3.4 hours for a *single* e-mail. By way of limited example, Defendant's counsel billed 2.3 hours for an entry labeled, "e-mail to Banas re: his acceptance of 3 Prenda Law cases." Finally, Defendant's counsel billed for many tasks that were associated with his efforts to gain a litigation advantage through improper threats of bar complaints (the aforementioned entry is an example of this). A summary table of the improper time entries is attached hereto as Exhibit B. In total, a downward adjustment to the lodestar by 27.04 hours is warranted. At an hourly rate of $250/hour, the corrected lodestar would be $1,265. While no award of attorney's fees is warranted here, any fee that was to be awarded should therefore be fraction of the amount Defendant requests.

**III. Conclusion**

For these reasons, Defendant's motion for fees should be denied.

Respectfully submitted,

First Time Videos LLC,

By:   /s/ Jonathan A. Torres_____
Jonathan A. Torres (Bar # 67287)
JONATHAN A. TORRES, LLC
1417 N. Semoran Boulevard, Suite 205
Orlando, FL 32807
Email: jonathantorresllc@gmail.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on December 26, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                        /s/ Jonathan A. Torres
                                                          Jonathan A. Torres