# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FIRST TIME VIDEOS, LLC,**

                        **Plaintiff,**

**-vs-**                                            **Case No. 6:12-cv-1493-Orl-36KRS**

**PAUL OPPOLD,**

                        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT PAUL OPPOLD'S SECOND MOTION FOR AWARD OF ATTORNEY'S FEES (Doc. No. 33)**
>
> **FILED:** December 12, 2012

### I. PROCEDURAL HISTORY.

On July 30, 2012, Plaintiff First Time Videos, LLC ("FTV"), through its attorney George A. Banas, Esq., filed a complaint against Defendant Paul Oppold alleging "copyright infringement under the United States Copyright Act and related civil conspiracy, contributory infringement and negligence claims under the common law . . . ." Doc. No. 1 at 1. Specifically, FTV alleged that Oppold had downloaded a copy of an entertainment video entitled "FTV - Tiffany" (the "Video") without its authorization. *Id.* at 2, 6. FTV attached to the complaint the Certificate of Registration of the Video. Doc. No. 1-1.

Oppold appeared, through his attorney, Graham W. Syfert, Esq., and filed a motion to dismiss the complaint or for a more definite statement. Doc. No. 14. Before this Court ruled on the pending motion to dismiss, FTV, through its new attorney Jonathan A. Torres, Esq., filed a notice of voluntary dismissal of the action without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(1). Doc. No. 29. The presiding district judge entered an order dismissing the case without prejudice on December 6, 2012. Doc. No. 30.

Oppold now seeks an award of attorney's fees based on his argument that he is a prevailing party under the Copyright Act, 17 U.S.C. § 505. Doc. No. 33 at 5.[1] Oppold attached to his motion for attorney's fees the following:

- Letter on Joseph Perea, P.A. letterhead to Paul Oppold, dated July 7, 2012 (Doc. No. 33 at 15);

- Notice of Dismissal of Case No. 1:12-cv-20921-Lenard (*Id.* at 16-17);

- Attorney Time Sheet of Hours Worked on Case (*Id.* at 18-19);

- Affidavit of Christopher Taylor (*Id.* at 20-21);

- Affidavit of Alexander B. Cverko (*Id.* at 22-23); and,

- Proposed Order Approving Attorney's Fees (*Id.* at 24).

---

[1] Oppold states that he also seeks attorney's fees under Fed. R. Civ. P. 54(d), Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent power. Doc. No. 33 at 1. Fed. R. Civ. P. 54(d) "provides the procedure for recovery of attorney's fees but does not provide a substantive right to attorney's fees." *Corwin v. Walt Disney Word Co.*, No. 602CV1377ORL19DAB, 2005 WL 1126659, at *2 (M.D. Fla May 9, 2005), *aff'd*, 475 F.3d 1239 (11th Cir. 2007) (citation omitted). Oppold has not shown that he complied with the safe harbor provision of Fed. R. Civ. P. 11(c)(1), which is a necessary prerequisite to an award of sanctions under Rule 11. Finally, Oppold did not discuss in his motion the legal standard for an award of attorney's fees under 28 U.S.C. § 1927 or the Court's inherent power. Therefore, I will address only the request for an award of attorney's fees under the Copyright Act.

FTV filed an opposition to the motion for attorney's fees. Doc. No. 34. It submitted the following documents to its response:

- Email from Attorney Graham Syfert to Jeffrey Weaver (Doc. No. 34-1);

- Objections to Time Worked by Oppold's counsel (Doc. No. 34-2); and,

- Proposed Order Denying Attorney's Fees (Doc. No. 34-3).

The motion was referred to me for issuance of a Report and Recommendation. The motion is now ripe for resolution.

## II.  BACKGROUND.

In this case, FTV alleged that, on February 20, 2012 at 9:49:54 p.m. UTC, Oppold, using internet protocol ("IP") address 97.102.232.95, downloaded a torrent file particular to the Video, purposefully loaded the torrent file into his BitTorrent Client, entered a BitTorrent swarm particular to the Video, and reproduced and distributed the Video to numerous third parties. Doc. No. 1 ¶¶ 22-23.[2]

Oppold contends that FTV previously sued him for copyright infringement, civil conspiracy and contributory infringement arising from the same events in *First Time Videos, LLC v. John Does 1-76*, Case. No. 1:12-CV-20921-JAL (the "Miami Case"), which case was filed in the United States

---

[2] FTV alleged that the "BitTorrent protocol operates as follows. First, a user locates a small 'torrent' file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same." Doc. No. 1 ¶ 13.

District Court for the Southern District of Florida. Doc. No. 33 at 1.[3] Although the "John Doe" Defendants in the Miami case were identified only by their IP addresses, counsel for FTV sent a demand letter addressed to Oppold stating that he used IP address 97.102.232.95 to illegally download the Video on February 20, 2012 at 9:49:54 p.m. UTC. Doc. No. 33 at 15 ("We have received a subpoena return from your ISP confirming that you are indeed the person that was associated with the IP address [97.102.232.95] that was performing the illegal downloading of our client's content listed above [FTV-Tiffany] on the exact date(s) listed above [February 20, 2012 at 9:49:54 PM UTC]."). After the demand letter was sent, FTV voluntarily dismissed the Miami Case "against the Doe Defendant associated with Internet Protocol address 97.102.232.95" pursuant to Fed. R. Civ. P. 41(a)(1). *Id.* at 16.

## III. ANALYSIS.

### A. *Prevailing Party under the Copyright Act*

Under the Copyright Act, "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. A "prevailing party" is defined "as '[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . .'" *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001) (quoting Black's Law Dictionary 1145 (7th ed. 1999)).

Oppold contends that he is the prevailing party in this case under the two-dismissal provision of Fed. R. Civ. P. 41(a)(1), which provides as follows: "[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of

---

[3] Oppold cited to the complaint in the Miami Case but did not file it with this Court. Doc. No. 33 at 2.

dismissal operates as an adjudication on the merits." *Id.* FTV contends that the two-dismissal rule does not apply because Oppold was not specifically named as a Defendant in the Miami case, no summons was issued to him in that case, and he never appeared or filed a responsive document in that case. Doc. No. 34 at 2-3.

The two-dismissal rule does not apply unless the same defendant is named in each case. *Fernandez v. Estate of Gatti*, No. 11-62269-CIV, 2011 WL 2077817, at *2-3 (S.D. Fla. May 26, 2011) (citations omitted). Some courts have held, however, that the two-dismissal rule "extends not only to named parties to an action, but also to their privies," that is to anyone "'so identified in interest with another that he represents the same legal right.'" *Manning v. S.C. Dep't of Highway & Public Transp.*, 914 F.2d 44, 48 (4th Cir. 1999)(quoting *Richburg v. Baughman*, 351 S.E. 2d 164, 166 (1986)).

In *Manning*, Plaintiff Manning filed a civil rights complaint against the South Carolina Department of Highway and Public Transportation and individuals identified as John Doe and Richard Roe. Manning voluntarily dismissed this suit by notice. Thereafter, Manning filed a state court case again alleging violation of his constitutional rights as well as other claims against Defendant Victor Evans and others. Manning later voluntarily dismissed his claims against Evans by notice. Manning then filed another federal case naming the Highway Department, Evans and others as defendants. In the third case, Manning argued that the claims against Evans should not be dismissed under the two-dismissal rule because Evans was not named personally in the first case. The district court found, based on Manning's testimony that Evans was intended to be the Doe or Roe defendant in the first case, that the two-dismissal rule applied and dismissed the third

case as to Evans, which decision was affirmed by the United States Court of Appeals for the Fourth Circuit. *Id.* at 47-48.

It does not appear that the United States Court of Appeals for the Eleventh Circuit has explicitly addressed the two-dismissal rule in the context of a defendant identified in the first-filed case as a Doe or Roe defendant. The Eleventh Circuit has adopted the privity of parties analysis in its *res judicata* jurisprudence. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citation omitted). Accordingly, I find the rationale of *Manning* persuasive in this case.

Here, FTV admitted through its counsel in the demand letter that Oppold was one of the John Doe defendants in the Miami case. The two cases arise from the same facts and circumstances. Both cases were dismissed as to Oppold (John Doe a/k/a IP address 97.102.232.95) on notice under Fed. R. Civ. P. 41(a)(1). Although this Court issued an order dismissing the case without prejudice following the filing of the notice of dismissal, it appears that order had no force or effect. *See Tidwell v. Krishna Q Investments, LLC*, No. 1:10-cv-2011-WSD, 2012 WL 7808062, at * 2 (N.D. Ga. Dec. 18, 2012) (citations omitted). Under these circumstances, the two-dismissal rule applies, and the dismissal of the present case operated as an adjudication on the merits.

It is, nevertheless, unclear whether the adjudication on the merits resulting from a second dismissal under Rule 41(a)(1) is the type of judicially sanctioned change in the relationship of the parties required by *Buckhannon* for Oppold to be considered the prevailing party in this case. When a plaintiff dismisses a case a second time under Fed. R. Civ. P. 41(a)(1), there is no Court approval or entry of judgment. Rather, the case is closed by operation of that Rule. Therefore, I

recommend that the Court find, under *Buckhannon*, that Oppold is not prevailing party simply by operation of the two-dismissal rule.

### B. *Award of Attorney's Fees*

If the Court finds that Oppold is the prevailing party, then the Court must consider whether to exercise its discretion to award him attorney's fees. "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. 'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). Among the considerations the Supreme Court recognized were "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence' . . . so long as such factors are faithful to the purposes of the Copyright Act . . . ." *Id.* at 534 n. 19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3rd Cir. 1986)). The purposes of the Copyright Act include restitution to prevent unjust enrichment to the defendant, reparation of injury to the plaintiff and deterrence of further wrongful conduct by the defendant and others. *United Feature Syndicate v. Sunrise Mold Co.*, 569 F. Supp. 1475, 1481 (S.D. Fla. 1983) (citations omitted).

Oppold contends that the purposes of the Copyright Act will be served by an award of attorney's fees because FTV's dismissal of the case arose from "fraud on the court," but he did not file any evidence to support that assertion. Doc. No. 33 at 5. He also submits that he was sued "as

revenge for the bar complaints exchanged between counsel for the Defendant and Prenda Law." *Id.* at 6. Once again, however, Oppold offers no evidence to support that assertion.

Finally, Oppold contends that FTV knew or should have known that he could not be liable solely by negligently failing to secure his internet connection, citing *AF Holdings, LLC v. Doe*, 4:12-cv-2049-PJH, Doc. No. 26 (N.D. Cal. Sept. 4, 2012), and *AF Holdings, LLC v. Doe*, 5:12-cv-02048-EJD, 2012 WL 4747170 (N.D. Cal. Oct. 3, 2012). These cases are inapposite because FTV alleged, among other things, that Oppold "committed overt tortious and unlawful acts by using BitTorrent software to download the Video from and distribute it to others." Doc. No. 1 ¶ 57. It alleged only in the alternative that Oppold was negligent or reckless in failing to secure his internet connection. *Id.* ¶ 62. Thus, even if this Court were to follow the California court's reasoning regarding the negligence claim, Oppold has not shown that the allegation that he personally acted knowingly and intentionally in downloading the Video is without evidentiary support.

The record before the Court reflects that FTV had a registered copyright in the Video. Doc. No. 1-1. FTV alleged that Oppold infringed that copyright by knowingly and intentionally downloading the Video without permission at a specific date and time and distributing it. Doc. No. 1 ¶¶ 22-23. Oppold did not appear in the Miami case and, thus, he was not subjected to harassment or even inconvenience by the filing of that lawsuit. While Oppold appeared through counsel in the present case, as noted above he offered no evidence to support his contention that the present case has no evidentiary support. By virtue of the operation of the two-dismissal rule, FTV will not be permitted to bring another lawsuit against Oppold arising from the facts and circumstances underlying the present case. Considering all of the information before the Court, I

recommend that the Court find that the purposes of the Copyright Act would not be served by awarding attorney's fees to Oppold.

## IV. RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendant Paul Oppold's Second Motion for Award of Attorney's Fees, Doc. No. 33.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 23rd, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy