UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:12-cv-01493-CEH-KRS

FIRST TIME VIDEOS, LLC

    Plaintiff,

v.

PAUL OPPOLD

    Defendant

_____/

## UNOPPOSED MOTION FOR WITHDRAWAL OF COUNSEL

COMES NOW the law firm of Jonathan A Torres, LLC, and requests leave of court pursuant to Local Rule 2.03 (b) to withdraw as counsel and moves for entry of an Order allowing such withdrawal in the above styled cause of action and, for good cause, would state as follows:

1. That the law firm of Jonathan A Torres LLC is the attorney of record for Plaintiff.

2. That pursuant to Local Rule 3.01 (g), counsel for Plaintiff communicated via telephone conference with counsel for Defendant, Mr. Graham Syfert, Esq. on May 31, 2013 prior to submitting this Motion and that Mr. Syfert stated that he had no objection or opposition to this Motion.

3. That the case has been voluntarily dismissed.

4. That counsel for Plaintiff has not been able to communicate with Plaintiff throughout the case since the filing of his Notice of Appearance, which precludes him from representing Plaintiff.

5. That counsel for Plaintiff initially entered a Notice of Appearance in this case on November 16, 2012 (Document No. 26).

6. That counsel for Plaintiff was contacted by Brett Gibbs, of counsel from Prenda Law who purportedly represented Plaintiff in various matters throughout various states.

7. That Prenda Law, through Brett Gibbs an attorney from California represented to attorney Jonathan Torres that they were agents of Plaintiff FTV either de jure or de facto.

8. That Jonathan Torres, Esq. communicated with Brett Gibbs, an attorney from California only and had no method of contact with Plaintiff directly, only through him. That attorney Jonathan Torres never had or has ever had any contact with John Steele, Paul Duffy or Paul Hansmeier,

9. That attorney Jonathan Torres was to make a local counsel appearance on this case.

10. That attorney Jonathan Torres received a call from attorney for Defendant Graham Syfert, Esq. shortly thereafter of entering an appearance indicating to him that there were issues in this case and that I had been misled and misrepresented by Prenda Law and Brett Gibbs to enter into this case.

11. That attorney Jonathan Torres requested the Court to withdraw a first time from the case on November 20, 2013, four (4) days after entering his appearance (Document No. 27).

12. That the first Motion to Withdraw was denied without prejudice. (Document No. 28)

13. That counsel for Plaintiff sent certified letters on November 29, 2012 to Plaintiff and Brett Gibbs (See Exhibit 1) informing them that he did not want any further involvement in the cases or with them personally.

14. That these letters went unanswered.

15. That counsel for Plaintiff received a call from Brett Gibbs on or about December 4, 2012, informing him that FTV wanted to file a voluntary dismissal in this case.

16. That on December 5, 2012 a notice of voluntary dismissal was filed (Document No. 29).

17. An Order for dismissal was entered on December 6, 2012 (Document No. 30)

18. That the only filings entered by attorney Jonathan Torres on the docket have been the following: Notice of Appearance, Motion to Withdraw, Response in Opposition to Attorney Fees (Document No. 34).

19. That pursuant to Local Rule 2.03 (b), counsel for Plaintiff has provided more than ample notice in writing, by e-mail and by telephone messages of his intention to withdraw on May 31, 2013.

20. That all calls, e-mails and letters to Plaintiff or Brett Gibbs have unanswered.

21. That the last time Plaintiff's counsel attempted to contact Brett Gibbs by e-mail an automated message came back indicating that Brett Gibbs does not work any longer for Prenda Law.

22. That Plaintiff's counsel has no other contact information for Plaintiff as of present, but there is sufficient record evidence to show that Plaintiff knew of the withdrawal request back in December 5, 2012, since Mr. Gibbs indicated that Plaintiff wanted to dismiss this action, implying that they knew or should have known that attorney Jonathan Torres' representation was ending with the entering of the notice of voluntary dismissal.

23. That counsel for Plaintiff has serious concerns in continuing representation based on the fact that he cannot contact an agent or representative of Plaintiff.

24. That I certify that a copy of this motion is being sent to the last known address for Plaintiff FTV's Registered Agent Sierra Corporate Services - Las Vegas, 2300 West Sahara Ave, Suite 1200, Las Vegas, NV 89102

25. That based on the foregoing, irreconcilable differences have arisen between Plaintiff and the law firm of Jonathan A Torres, LLC which inhibits such attorney from properly continuing to represent the Plaintiff.

26. That additionally counsel for Plaintiff moves for an extension of time for Plaintiff First Time Videos to respond to any objections, if any, which are filed against the Magistrate's Report and Recommendations (Document No. 35) to allow First Time Videos to respond through other counsel

27. That this motion is made in good faith and not for the purpose of delay.

28. That a Proposed Order is attached to this Motion as an Attachment.

WHEREFORE, the law firm of Jonathan A Torres, LLC, respectfully request this Honorable Court enter an Order allowing the withdrawal of the law firm of Jonathan A Torres, LLC, as attorney of record, and adjudge that he shall be relieved of all further responsibilities in connection with the instant action and furthermore that the Plaintiff be allowed for an extension of time to respond to any Objections filed, if any, to the Magistrate's Report and Recommendations.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 31, 2013, I electronically filed the foregoing using the ECF system which shall send an electronic copy and notification to all parties and respective counsel.

/s/ Jonathan Torres
Jonathan Torres, Esquire
Florida Bar No. 006287
Jonathan A. Torres, LLC.
1180 Spring Centre S. Blvd, Suite 355
Altamonte Springs, FL 32714
Telephone (407) 953-5818
E-mail: jonathantorresllc@gmail.com
Attorney for Plaintiff

# EXHIBIT 1



**JONATHAN A. TORRES, LLC**
1417 N. Semoran Blvd., Suite 205
Orlando, FL 32807

Ph: (407) 953-5818   Fax: (407) 330-3215
E-mail: jonathantorresllc@gmail.com

---

**VIA E-MAIL to blgibbs@wefightpiracy.com &
CERTIFIED MAIL, Article No.:**   7011 2970 0002 3176 8273

November 29, 2012

Brett L. Gibbs, Esq.
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941

Re:   Termination of representation on all cases for AF Holdings, LLC, First Time Videos LLC and Ingenuity 13, LLC

Dear Mr. Gibbs,

    Enclosed with this letter please find termination letters addressed to AF Holdings, LLC, First Time Videos LLC and Ingenuity 13, LLC for you to forward to them as we discussed. The reason you are on each individual letter is due to the fact that all communication has been through you rather than directly with the principals and the fact that there was never a retainer between myself and the individual principals.

    At this time there is no need for me to send you a termination letter for Sunlust Pictures, LLC since the Magistrate allowed me to withdraw from that case already. I strongly encourage you to consult another attorney as soon as possible. Meanwhile, I wish you the best in all your future endeavors.

Very truly yours,

JONATHAN A. TORRES, Esq.

Enclosures    Termination letter for AF Holdings, LLC
                 Termination letter for First Time Videos LLC
                 Termination letter for Ingenuity 13 LLC



**JONATHAN A. TORRES, LLC**
1417 N. Semoran Blvd., Suite 205
Orlando, FL 32807

Ph: (407) 953-5818  Fax: (407) 330-3215
E-mail: jonathantorresllc@gmail.com

November 29, 2012

**First Time Videos LLC**
c/o Brett L. Gibbs, Esq.
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941

Re:  Termination of representation on:
     Case No. FL Middle District 6:12-cv-01493-CEH-KRS

Dear Mr. Gibbs and/or Principal for First Time Videos LLC,

Please be advised that I can no longer represent you in Case No. FL Middle District 6:12-cv-01493-CEH-KRS. This notification is intended for you to find alternate legal representation in these matters. This letter of termination does not mean that you should not pursue your claims with another law firm.

I strongly encourage you to consult another attorney as soon as possible. Meanwhile, I wish you the best in all your future endeavors.

Very truly yours,

JONATHAN A. TORRES, Esq.