# EXHIBIT "F"



# THE FLORIDA BAR

**444 BRICKELL AVENUE
RIVERGATE PLAZE, SUITE M-100
MIAMI, FL 33131-2404**

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

(305) 377-4445
WWW.FLORIDABAR.ORG

February 3, 2012

RECEIVED FEB 0 6 2012

Graham W Syfert, Esq
1529 Margaret St, Unit 2
Jacksonville, FL 32204

**Re: Unlicensed Practice of Law Investigation of John L Steele
The Florida Bar File No. 2012-04047(11B)**

Dear Mr. Syfert:

Enclosed please find a copy of a response dated January 26, 2012, from Mr. Steele's Attorney, David Raben, Esq., in this matter. If you wish to forward a reply regarding his response, please do so on or before **February 17, 2012**.

Thank you.

Very truly yours,

JACQUELYN PLASNER NEEDELMAN
Bar Counsel
Unlicensed Practice of Law Department - Miami

JPN:ah

Enclosure

# RTR

## ROBBINS TUNKEY ROSS
## AMSEL RABEN & WAXMAN

LAWYER'S PLAZA
2250 SW 3 AVENUE
4TH FLOOR
MIAMI, FLORIDA 33129

WWW.CRIMLAWFIRM.COM

TOLL FREE: 800-226-9550
DADE: 305-858-9550
BROWARD: 954-522-6244
FAX: 305-858-7491

January 26, 2012

**VIA EMAIL: jneedelman@flabar.org**
and U.S. Mail
Jacquelyn Needelman, Bar Counsel
Unlicensed Practice of Law Department, Miami
The Florida Bar
444 Brickell Avenue, Suite M-100
Miami, Florida 33131

RECEIVED
JAN 27 2012
THE FLORIDA BAR
MIAMI-UPL DEPARTMENT

RECEIVED FEB 06 2012

### RE: *Florida Bar v. John Steele*

The Complainant is identified as Graham Syfert, an attorney in Jacksonville, Florida. Not coincidentally, Mr. Syfert is the same complainant in Florida Bar #2012-403511(B). In the prior complaint, Mr. Syfert alleged Mr. Steele was engaged in the unauthorized practice of law (UPL) in Florida. The Bar and Mr. Steele entered into a Cease and Desist stipulation in which Mr. Steele acknowledged the elements constituting UPL and pertinent case law, and agreed to abide by the law.

Simultaneously with the settlement, Mr. Syfert has filed a new complaint alleging a violation of "(2)(b) of the UPL rules" pursuant to *Florida Bar v. Savitt*, 363 So. 2d 559 (1978). This provision provides:

(2) Pursuant to the foregoing provisions of this order, the above named firm and its members, associates and employees properly may conduct the following activities, which shall not constitute the unauthorized practice of law:

(b) Communicate with clients and others (including attorneys) provided it is initially and immediately

Florida Bar v. John Steele
Response to Complaint
January 26, 2012
Page 2

> confirmed in writing and at all times made clear to such clients and others, in a manner which avoids confusion, that the person (if not a member of the Florida Bar) so communicating is not a member of the Florida Bar and that such communication (if it deals with Florida law) this made either in the presence of, or with the written approval of, a member of the Florida Bar who assumes professional responsibility for any such communication and retains the direct relationship with the client.

While not completely clear, it appears Mr. Syfert contends Mr. Steele "communicated with me" and impersonated a member of the Florida Bar. These allegations will be completely refuted by affidavits and exhibits.

### THE COMPLAINANT

The Florida Bar should be mindful of the background and potential bias of the complainant, Graham Syfert. The materials submitted by Mr. Syfert were ostensibly accumulated in December of 2011. His second formal complaint against Mr. Steele was filed around the same time the first complaint was resolved. Mr. Syfert is no stranger to Mr. Steele.

The predecessor complaint involved the law firm of Steele Hansmeier ("SH") and litigation involving piracy of copyrighted films that have been illegally downloaded. The "SH" firm had filed numerous federal lawsuits intended to identify and sanction individuals engaged in the unlawful downloading of movies that are copyrighted. Attached and incorporated by reference hereto are excerpts from Mr. Syfert's law firm web pages. (Exhibit A). His website makes clear he is actively engaged in the representation of individuals involved in the very same activity Steele Hansmeier sought to prosecute. In addition to actively seeking clients in this representation niche, Mr. Syfert sells self-help kits and forms seeking to generate additional revenue from clients who may not be sufficiently funded to retain his

Florida Bar v. John Steele
Response to Complaint
January 26, 2012
Page 3

services.

## THE COMPLAINT

**The Alleged Impersonation of Balzebre by Steele.**

Mr. Syfert initially maintains "Steele impersonated a Florida attorney by using an email account purported to belong to Robert Balzebre, Florida Bar number 979694." Mr. Syfert maintains this occurred on December 7th, 2011 and notes Mr. Balzebre, a licensed Florida attorney, was employed by Steele Hansmeier according to the Florida Bar's own records. Mr. Syfert also points out Steele Hansmeier was purchased by Prenda Law. Prenda Law is headed by Paul Duffy and Florida attorney Joseph Perea (Bar number 47782).

Syfert attaches as "Exhibit A" an email string with "rpbalzebre@wefightpiracy.com". Wefightpiracy.com is the former website of Steele Hansmeier and current website of Prenda Law. Mr. Syfert, who is actively engaged in the representation of individuals prosecuted by Steele Hansmeier/Prenda, threatened Bar complaints, accused Balzebre of felonious activity, and sought to record their conversation. This course of conduct was a direct result of *Syfert representing a client that had received a demand letter from the Prenda law firm.* Rule of Professional Conduct 4-3-4(g) prohibits "threatening to present criminal charges solely to obtain an advantage in a civil matter." Mr. Syfert admits calling on behalf of a client and raising the scepter of felonious activity. Even Syfert acknowledges:

> "I humbly admit that the only threat involved in the email chain was my own threat of a Bar Complaint and I omitted that fact."

Mr. Syfert acknowledges his own unethical gamesmanship. His moral justification of chasing the piracy prosecutors rings hollow when it is done within the context of representing a client in a pending matter against Prenda. The Bar would be well advised to investigate this notorious admission by Syfert.

ROBBINS, TUNKEY, ROSS, AMSEL, RABEN & WAXMAN

Florida Bar v. John Steele
Response to Complaint
January 26, 2012
Page 4

Moreover, Mr. Balzebre has provided an affidavit regarding his recollection of the brief interaction he had with Syfert. It is not surprising Balzebre would have a clear recollection of their conversation when one considers how infrequently a caller asks to record a phone conversation. Notably, Balzebre writes as a *former employee* of Steele Hansmeier so any allegation of bias to defend his employer would seemingly be substantially diminished. Mr. Balzebre recounts the brief conversation regarding Syfert's request to tape their conversation and affirms all emails contained in "Exhibit A" of the Syfert Complaint were in fact authored by Balzebre as a member of the Bar.

## THE HYPERLINK CONNECTION

Mr. Syfert concludes there is a hyperlink connection between "rpbalzebre@wefightpiracy.com" and "jlsteele@wefightpiracy.com" as evidenced by his "Exhibit B". The "jlsteele" email address is the address formerly used by John Steele prior to the sale of the Steele Hansmeier law firm to Prenda. Mr. Syfert engages in a number of intriguing possibilities but admits "web conjecture is somewhat unreliable." Notwithstanding, he spent several paragraphs speeding down that unreliable path proving absolutely nothing of consequence.

This is not a mystery and can be easily explained. Nearly every law firm uses a form of email signature block. Such signature blocks typically contain contact information and standard disclosures and disclaimers. One contact information item that is regularly included in signature blocks is a persons email address. When an email address is included in a signature block, an email program automatically assigns "meta" information to the text of the email address.

To use an example, the email address "admin@lawfirm.com" is automatically assigned the following "meta" information: mailto:admin@lawfirm.com. If an individual clicks on admin@lawfirm.com their computer will automatically open up an email client (i.e., Microsoft Outlook) using the "meta" information to auto fill the email's recipient field with "admin@lawfirm.com."

Florida Bar v. John Steele
Response to Complaint
January 26, 2012
Page 5

If one changes the text of an email address, this change doe *not* also alter the "meta" information. For example, one could change admin@lawfirm.com to support@lawfirm.com but unless the person also remembered to change the "meta" information, anyone clicking on the latter email address will continue to see "admin@lawfirm.com" in the recipient field. Mr. Steele was the first email address at wefightpiracy.com. The creation of subsequent email addresses would typically include the "cut and paste" from the lengthy disclaimer and disclosure created originally for the "jlsteele" email and subsequently utilized by all others.

Mr. Syfert claims that when he viewed the "meta" information associated with the email address in Mr. Balzebre's signature block, that he saw "mailto:jlsteele@wefightpiracy.com. The obvious explanation for this that Mr. Balzebre used the firm's form of signature block, but forgot to change the meta information associated with the signature block. This is hardly an uncommon or unusual occurrence, as many people are unaware that they need to change "meta" information.

## EXHIBIT D

Mr. Syfert provides an email from "Informant 99@gmail.com" to "jlsteele@wefightpiracy.com" dated December 5th, 2011. The "Informant" asks "Mr. Steele" to provide a correct address and makes reference to a federal case previously filed. Mr. Steele responds, thanking "informant" for pointing out an error. Notably, there is no discussion relating to any legal matter, only the correction of an address on pleadings previously filed. Since selling the Steele Hansmeier law firm to Prenda, the "jlsteele" email has been maintained to ensure continuity. As evidenced by "Exhibit D," there are numerous pleadings that contain the "jlsteele" email as the primary contact for the former Steele Hansmeier and now Prenda Law Firm. Mr. Steele is obliged to review all emails received at his former "jlsteele" address to ensure everything pertinent to Prenda is properly forwarded. Since the email provided in "Exhibit D" was not seeking any specific legal advice, Steele responded, noting the address error.

Florida Bar v. John Steele
Response to Complaint
January 26, 2012
Page 6

## THE AFFIDAVIT OF MARK LUTZ

We have also provided for the Bar's consideration the affidavit of Paralegal Mark Lutz (Exhibit C), reflecting another phone call made by Mr. Syfert to the Prenda firm on behalf of a civil client. This sworn statement from Mr. Lutz eerily echoes the prior exchange between Syfert and Balzebre. Syfert acknowledged he made threats to Balzebre regarding Bar complaints and "felonious" behavior. This affidavit brings into clear focus Mr. Syfert's actual motivation to obtain civil leverage on behalf of his clientele.

As previously indicated, the Prenda law firm has purchased Steele Hansmeier and now operates out of the Lincoln Road address. The Prenda law firm is composed of Attorney Joe Perea and Paralegal Mark Lutz. Mr. Steele is actually a client of Prenda. Steele maintains an ownership interest in several of Prenda's larger clients. His presence at Prenda would be solely in the capacity of a client.

I would be happy to meet with you in person to explain or clarify any of the information provided. I look forward to hearing from you.

Sincerely,

DAVID RABEN

DR/lp