Exhibit "K-15"

FILED

1  Brett L. Gibbs, Esq. (SBN 251000)
   Of Counsel to Prenda Law Inc.
2  38 Miller Avenue, #263
   Mill Valley, CA 94941
3  415-325-5900
   blgibbs@wefightpiracy.com
4
   *Attorney for Plaintiff*
5

12 SEP 27 AM 9: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

6

7                   IN THE UNITED STATES DISTRICT COURT FOR THE

8                         CENTRAL DISTRICT OF CALIFORNIA

9                                    **CV12-08322** DMH IPJW x

10  INGENUITY13 LLC,                      )   No.
                                          )
11           Plaintiff,                   )   Judge:
         v.                               )
12  JOHN DOE                              )   **COMPLAINT**
                                          )
13           Defendant.                   )
                                          )   **DEMAND FOR JURY TRIAL**
14                                        )
                                          )
15

16          Plaintiff Ingenuity13 LLC ("Plaintiff"), through its undersigned counsel, hereby files this

17  Complaint requesting damages and injunctive relief, and alleges as follows:

18                                **NATURE OF THE CASE**

19          1.       Plaintiff files this action for copyright infringement under the United States Copyright

20  Act and related contributory infringement and negligence claims under the common law to combat

21  the willful and intentional infringement of its creative works. Unidentified Defendant John Doe

22  ("Defendant"), whose name Plaintiff expects to ascertain during discovery, knowingly and illegally

23  reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the

24  BitTorrent file sharing protocol and, upon information and belief, continues to do the same. In using

25  BitTorrent, Defendant's infringment actions furthered the efforts of numerous others in infringing on

26  Plaintiff's copyrighted works. The result: exponential viral infringment. Plaintiff seeks a permanent

27

28

19.     The Video is currently registered in the United States Copyright Office (Copyright No. PA0001802629). (*See* Exhibit A to Complaint.)

20.     The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States.

21.     Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

22.     Defendant, using IP address 71.83.94.169, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, Azureus 4.7.1.2—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

23.     Plaintiff's     investigators     detected     Defendant's     illegal     download     on 2012-08-21 at 00:09:42 (UTC).  However, this is a simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct took itself place before and after this date and time.

24.     Defendant was part of a group of BitTorrent users or peers in a single swarm—a process generally described above—whose computers were collectively interconnected for the sharing of a particular unique file.  The particular file a BitTorrent swarm is associated with has a unique file "hash"—i.e. a unique file identifier generated by an algorithm.  The unique hash value in this case is identified as 7571E2F7C1972FC5A383A4D87DA00CC3333FB32E (hereinafter "Hash Tag."), and common to all of the participants in the swarm.



FILED

NOV .7 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT**
**Eastern District of Virginia**
**Norfolk Division**

Ingenuity13 LLC,

     Plaintiff,

Case No. *2: 12 cv597*

v.

JOHN DOE,
IP Address: 72.84.95.167
     Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

     Plaintiff Ingenuity13 LLC("Plaintiff"), through its undersigned counsel, hereby files this

Complaint requesting damages and injunctive relief, and alleges as follows:

### NATURE OF THE CASE

    1.    Plaintiff files this action for copyright infringement under the United States

Copyright Act and related contributory infringement and negligence claims under the common

law to combat the willful and intentional infringement of its creative works. Unidentified

Defendant John Doe ("Defendant"), whose name Plaintiff expects to ascertain during discovery,

knowingly and illegally reproduced and distributed Plaintiff's copyrighted Video by acting in

concert with others via the BitTorrent file sharing protocol, or, in the alternative, allowed another

to do so over his Internet connection. Upon information and belief, Defendant continues to do

the same. In using BitTorrent, Defendant's infringment actions furthered the efforts of numerous

others in infringing on Plaintiff's copyrighted works. The result: exponential viral infringement.

Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's

fees, and other relief to curb this behavior.

1

## ALLEGATIONS COMMON TO ALL COUNTS

18.     Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video.

19.     The Video is currently registered in the United States Copyright Office (Copyright No. PA0001802629). The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States.

20.     Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

21.     Defendant, using IP address 72.84.95.167, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, Transmission 1.93—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

22.     Plaintiff's investigators detected Defendant's illegal download on 8/21/2012 12:42:12 AM UTC. However, this is a simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct took itself place before and after this date and time.

23.     Defendant was part of a group of BitTorrent users or peers in a single swarm—a process generally described above—whose computers were collectively interconnected for the sharing of a particular unique file.  The particular file a BitTorrent swarm is associated with has a unique file "hash"—i.e. a unique file identifier generated by an algorithm. The unique hash value

in this case is identified as 7571E2F7C1972FC5A383A4D87DA00CC3333FB32E (hereinafter "Hash Tag."), and common to all of the participants in the swarm.

## COUNT I – COPYRIGHT INFRINGEMENT

24.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth fully herein.

25.     Defendant's conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

26.     Defendant knew or had constructive knowledge that his acts constituted copyright infringement of Plaintiff's Video.

27.     Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

28.     Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendant's conduct.

29.     Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

30.     As Defendant's infringement was intentional and willful, Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

## COUNT II – CONTRIBUTORY INFRINGEMENT

31.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

32.     Users in the unique swarm containing Plaintiff's copyrighted Video all possess the same infringing work with the same exact hash value, and each infringer possesses an exact



F I L E D

NOV – 7 2012

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**UNITED STATES DISTRICT COURT**
**Eastern District of Virginia**
**Richmond Division**

Ingenuity13 LLC,

      Plaintiff,

v.

JOHN DOE,
IP Address: 173.53.87.92
      Defendant.

Case No.  3:12CV 805

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

      Plaintiff Ingenuity13 LLC("Plaintiff"), through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

## NATURE OF THE CASE

      1.    Plaintiff files this action for copyright infringement under the United States Copyright Act and related contributory infringement and negligence claims under the common law to combat the willful and intentional infringement of its creative works. Unidentified Defendant John Doe ("Defendant"), whose name Plaintiff expects to ascertain during discovery, knowingly and illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the BitTorrent file sharing protocol, or, in the alternative, allowed another to do so over his Internet connection. Upon information and belief, Defendant continues to do the same. In using BitTorrent, Defendant's infringment actions furthered the efforts of numerous others in infringing on Plaintiff's copyrighted works. The result: exponential viral infringement. Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's fees, and other relief to curb this behavior.

## ALLEGATIONS COMMON TO ALL COUNTS

18.     Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video.

19.     The Video is currently registered in the United States Copyright Office (Copyright No. PA0001802629). The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States.

20.     Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

21.     Defendant, using IP address 173.53.87.92, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, Azureus 4.5.0.4—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

22.     Plaintiff's investigators detected Defendant's illegal download on 8/21/2012 2:14:56 AM UTC. However, this is a simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct took itself place before and after this date and time.

23.     Defendant was part of a group of BitTorrent users or peers in a single swarm—a process generally described above—whose computers were collectively interconnected for the sharing of a particular unique file. The particular file a BitTorrent swarm is associated with has a unique file "hash"—i.e. a unique file identifier generated by an algorithm. The unique hash value

6

in this case is identified as 7571E2F7C1972FC5A383A4D87DA00CC3333FB32E (hereinafter "Hash Tag."), and common to all of the participants in the swarm.

## COUNT I – COPYRIGHT INFRINGEMENT

24.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth fully herein.

25.     Defendant's conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

26.     Defendant knew or had constructive knowledge that his acts constituted copyright infringement of Plaintiff's Video.

27.     Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

28.     Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendant's conduct.

29.     Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

30.     As Defendant's infringement was intentional and willful, Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

## COUNT II – CONTRIBUTORY INFRINGEMENT

31.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

32.     Users in the unique swarm containing Plaintiff's copyrighted Video all possess the same infringing work with the same exact hash value, and each infringer possesses an exact

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

INGENUITY13 LLC,

      Plaintiff,

v.

JOHN DOE,

      Defendant.

CASE NO. 1:12-cv-8031

Judge:

Magistrate Judge:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Ingenuity13 LLC ("Plaintiff"), through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

### NATURE OF THE CASE

1.    Plaintiff files this action for copyright infringement under the United States Copyright Act and related contributory infringement and negligence claims under the common law to combat the willful and intentional infringement of its creative works. Unidentified Defendant John Doe ("Defendant"), whose name Plaintiff expects to ascertain during discovery, knowingly and illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the BitTorrent file sharing protocol and, upon information and belief, continues to do the same. In using BitTorrent, Defendant's infringement actions furthered the efforts of numerous others in infringing on Plaintiff's copyrighted works. The result: exponential viral infringement. Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's fees, and other relief to curb this behavior.

///

///

1

anti-piracy measures. This lawsuit is Plaintiff's only practical means of combating BitTorrent-based infringement of the Video.

## ALLEGATIONS COMMON TO ALL COUNTS

18.     Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video.

19.     The Video is currently registered in the United States Copyright Office (Copyright No. PA0001802629). (*See* Exhibit A to Complaint.)

20.      The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States.

21.     Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

22.     Defendant, using IP address 24.14.197.217, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, Azureus 4.7.1.2—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

23.     Plaintiff's investigators detected Defendant's illegal download on 2012-08-21 at 02:19:20 (UTC).  However, this is a simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct took itself place before and after this date and time.

6

24.     Defendant was part of a group of BitTorrent users or peers in a single swarm—a process generally described above—whose computers were collectively interconnected for the sharing of a particular unique file.  The particular file a BitTorrent swarm is associated with has a unique file "hash"—i.e. a unique file identifier generated by an algorithm.  The unique hash value in this case is identified as 7571E2F7C1972FC5A383A4D87DA00CC3333FB32E (hereinafter "Hash Tag."), and common to all of the participants in the swarm.

## COUNT I – COPYRIGHT INFRINGEMENT

25.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth fully herein.

26.     Defendant's conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

27.     Defendant knew or had constructive knowledge that his acts constituted copyright infringement of Plaintiff's Video.

28.     Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

29.     Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendant's conduct.

30.     Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

31.     As Defendant's infringement was intentional and willful, Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

///

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

INGENUITY13 LLC,

       Plaintiff,

v.

JOHN DOE

       Defendant.

No. **CV12-08330 GAF (JEMx)**

Judge:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Ingenuity13 LLC ("Plaintiff"), through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

## NATURE OF THE CASE

1.     Plaintiff files this action for copyright infringement under the United States Copyright Act and related contributory infringement and negligence claims under the common law to combat the willful and intentional infringement of its creative works. Unidentified Defendant John Doe ("Defendant"), whose name Plaintiff expects to ascertain during discovery, knowingly and illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the BitTorrent file sharing protocol and, upon information and belief, continues to do the same. In using BitTorrent, Defendant's infringment actions furthered the efforts of numerous others in infringing on Plaintiff's copyrighted works. The result: exponential viral infringment. Plaintiff seeks a permanent

1    19.    The Video is currently registered in the United States Copyright Office (Copyright

2    No. PA0001802629). (*See* Exhibit A to Complaint.)

3    20.    The torrent file used to access the copyrighted material was named in a manner that

4
     would have provided an ordinary individual with notice that the Video was protected by the
5
     copyright laws of the United States.
6

7    21.    Plaintiff employs proprietary peer-to-peer network forensic software to perform

8    exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video.

9    This software is effective in capturing data about the activity of peers in a swarm and their infringing

10   conduct.

11
     22.    Defendant, using IP address 76.170.133.8, without Plaintiff's authorization or license,
12
     intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that
13
     torrent file into his BitTorrent client—in this case, Transmission 2.60—entered a BitTorrent swarm
14
15   particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

16   23.    Plaintiff's    investigators    detected    Defendant's    illegal    download    on

17   2012-08-21 at 02:48:42 (UTC).  However, this is a simply a snapshot observation of when the IP

18   address is *observed* in the BitTorrent swarm; the conduct took itself place before and after this

19   date and time.

20

21   24.    Defendant was part of a group of BitTorrent users or peers in a single swarm—a

22   process generally described above—whose computers were collectively interconnected for the

23   sharing of a particular unique file. The particular file a BitTorrent swarm is associated with has a

24   unique file "hash"—i.e. a unique file identifier generated by an algorithm. The unique hash value in

25   this case is identified as 7571E2F7C1972FC5A383A4D87DA00CC3333FB32E (hereinafter "Hash

26   Tag."), and common to all of the participants in the swarm.

27

28

1   Brett L. Gibbs, Esq. (SBN 251000)
    Of Counsel to Prenda Law Inc.
2   38 Miller Avenue, #263
    Mill Valley, CA 94941
3   415-325-5900
    blgibbs@wefightpiracy.com
4
    *Attorney for Plaintiff*
5

6
                    IN THE UNITED STATES DISTRICT COURT FOR THE
7
                            CENTRAL DISTRICT OF CALIFORNIA
8

9
10  INGENUITY13 LLC,                    )   CV12-08328 JJD (PZx)
                                        )
11          Plaintiff,                  )   Judge:
       v.                               )
12                                      )
    JOHN DOE                            )   **COMPLAINT**
13                                      )
            Defendant.                  )
14                                      )   **DEMAND FOR JURY TRIAL**
                                        )
15

16          Plaintiff Ingenuity13 LLC ("Plaintiff"), through its undersigned counsel, hereby files this

17  Complaint requesting damages and injunctive relief, and alleges as follows:

18                              **NATURE OF THE CASE**

19          1.      Plaintiff files this action for copyright infringement under the United States Copyright

20  Act and related contributory infringement and negligence claims under the common law to combat

21  the willful and intentional infringement of its creative works. Unidentified Defendant John Doe

22  ("Defendant"), whose name Plaintiff expects to ascertain during discovery, knowingly and illegally
23
    reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the
24
    BitTorrent file sharing protocol and, upon information and belief, continues to do the same. In using
25
26  BitTorrent, Defendant's infringement actions furthered the efforts of numerous others in infringing on

27  Plaintiff's copyrighted works. The result: exponential viral infringment. Plaintiff seeks a permanent

28

19. The Video is currently registered in the United States Copyright Office (Copyright No. PA0001802629). (*See* Exhibit A to Complaint.)

20. The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States.

21. Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

22. Defendant, using IP address 76.175.251.189, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, µTorrent 3.1.3—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

23. Plaintiff's investigators detected Defendant's illegal download on 2012-08-21 at 04:44:27 (UTC). However, this is a simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct took itself place before and after this date and time.

24. Defendant was part of a group of BitTorrent users or peers in a single swarm—a process generally described above—whose computers were collectively interconnected for the sharing of a particular unique file. The particular file a BitTorrent swarm is associated with has a unique file "hash"—i.e. a unique file identifier generated by an algorithm. The unique hash value in this case is identified as 7571E2F7C1972FC5A383A4D87DA00CC3333FB32E (hereinafter "Hash Tag."), and common to all of the participants in the swarm.

6

Case 6:12-cv-01493-CEN-KRS 9 Document 87-26t 1 Filed 06/03/13 2 Page 17 of 26 PageID 592



Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

E-filing

FILED

SEP 24 2012

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MEJ

INGENUITY13 LLC,

       Plaintiff,

v.

JOHN DOE

       Defendant.

No. **C 12 4979**

Judge:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Ingenuity13 LLC ("Plaintiff"), through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

## NATURE OF THE CASE

1.    Plaintiff files this action for copyright infringement under the United States Copyright Act and related contributory infringement and negligence claims under the common law to combat the willful and intentional infringement of its creative works. Unidentified Defendant John Doe ("Defendant"), whose name Plaintiff expects to ascertain during discovery, knowingly and illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the BitTorrent file sharing protocol and, upon information and belief, continues to do the same. In using BitTorrent, Defendant's infringment actions furthered the efforts of numerous others in infringing on Plaintiff's copyrighted works. The result: exponential viral infringment. Plaintiff seeks a permanent

19.     The Video is currently registered in the United States Copyright Office (Copyright No. PA0001802629). (*See* Exhibit A to Complaint.)

20.     The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States.

21.     Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

22.     Defendant, using IP address 76.126.238.116, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, BitTorrent 7.3.4—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

23.     Plaintiff's    investigators    detected    Defendant's    illegal    download    on 2012-08-21 at 04:44:46 (UTC).    However, this is a simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct took itself place before and after this date and time.

24.     Defendant was part of a group of BitTorrent users or peers in a single swarm—a process generally described above—whose computers were collectively interconnected for the sharing of a particular unique file.  The particular file a BitTorrent swarm is associated with has a unique file "hash"—i.e. a unique file identifier generated by an algorithm. The unique hash value in this case is identified as 7571E2F7C1972FC5A383A4D87DA00CC3333FB32E (hereinafter "Hash Tag."), and common to all of the participants in the swarm.

6

FILED

12 SEP 27 AM II: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  Brett L. Gibbs, Esq. (SBN 251000)
   Of Counsel to Prenda Law Inc.
2  38 Miller Avenue, #263
   Mill Valley, CA 94941
3  415-325-5900
   blgibbs@wefightpiracy.com
4
   *Attorney for Plaintiff*
5

6
7                    IN THE UNITED STATES DISTRICT COURT FOR THE
8                          CENTRAL DISTRICT OF CALIFORNIA
9
                                        C V 12- 08332 MMM(PJWx)
10  INGENUITY13 LLC,                   )  No.
                                       )
11            Plaintiff,               )  Judge:
        v.                             )
12  JOHN DOE                           )  **COMPLAINT**
                                       )
13            Defendant.               )
                                       )  **DEMAND FOR JURY TRIAL**
14                                     )
15  _____)

16          Plaintiff Ingenuity13 LLC ("Plaintiff"), through its undersigned counsel, hereby files this

17  Complaint requesting damages and injunctive relief, and alleges as follows:

18                              **NATURE OF THE CASE**

19      1.      Plaintiff files this action for copyright infringement under the United States Copyright

20  Act and related contributory infringement and negligence claims under the common law to combat

21  the willful and intentional infringement of its creative works. Unidentified Defendant John Doe

22  ("Defendant"), whose name Plaintiff expects to ascertain during discovery, knowingly and illegally

23  reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the

24  BitTorrent file sharing protocol and, upon information and belief, continues to do the same. In using

25  BitTorrent, Defendant's infringment actions furthered the efforts of numerous others in infringing on

26  Plaintiff's copyrighted works. The result: exponential viral infringment. Plaintiff seeks a permanent

27
28

19. The Video is currently registered in the United States Copyright Office (Copyright No. PA0001802629). (*See* Exhibit A to Complaint.)

20. The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States.

21. Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

22. Defendant, using IP address 96.40.162.169, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, µTorrent 3.2—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

23. Plaintiff's investigators detected Defendant's illegal download on 2012-08-21 at 06:48:02 (UTC). However, this is a simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct took itself place before and after this date and time.

24. Defendant was part of a group of BitTorrent users or peers in a single swarm—a process generally described above—whose computers were collectively interconnected for the sharing of a particular unique file. The particular file a BitTorrent swarm is associated with has a unique file "hash"—i.e. a unique file identifier generated by an algorithm. The unique hash value in this case is identified as 7571E2F7C1972FC5A383A4D87DA00CC3333FB32E (hereinafter "Hash Tag."), and common to all of the participants in the swarm.

6
COMPLAINT                                    CASE NO.

FILED

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

2012 SEP 27 AM 11: 18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# IN THE UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

INGENUITY13 LLC,
          Plaintiff,
     v.

JOHN DOE
          Defendant.

No. **CV12-8334**

Judge:  $GW$  (JEMA)

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Ingenuity13 LLC ("Plaintiff"), through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

## NATURE OF THE CASE

1.     Plaintiff files this action for copyright infringement under the United States Copyright Act and related contributory infringement and negligence claims under the common law to combat the willful and intentional infringement of its creative works. Unidentified Defendant John Doe ("Defendant"), whose name Plaintiff expects to ascertain during discovery, knowingly and illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the BitTorrent file sharing protocol and, upon information and belief, continues to do the same. In using BitTorrent, Defendant's infringment actions furthered the efforts of numerous others in infringing on Plaintiff's copyrighted works. The result: exponential viral infringment. Plaintiff seeks a permanent

19. The Video is currently registered in the United States Copyright Office (Copyright No. PA0001802629). (*See* Exhibit A to Complaint.)

20. The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States.

21. Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

22. Defendant, using IP address 173.60.105.180, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, BitComet 1.31—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

23. Plaintiff's investigators detected Defendant's illegal download on 2012-08-21 at 16:51:17 (UTC). However, this is a simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct took itself place before and after this date and time.

24. Defendant was part of a group of BitTorrent users or peers in a single swarm—a process generally described above—whose computers were collectively interconnected for the sharing of a particular unique file. The particular file a BitTorrent swarm is associated with has a unique file "hash"—i.e. a unique file identifier generated by an algorithm. The unique hash value in this case is identified as 7571E2F7C1972FC5A383A4D87DA00CC3333FB32E (hereinafter "Hash Tag."), and common to all of the participants in the swarm.

Case 6:21-2v-019283-CEI-WRC  Document 37-25 filed 00/06/03/18 Page 237 of 26 Page ID 2598

FILED

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

2012 SEP 27  AM 11: 09

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

INGENUITY13 LLC,

      Plaintiff,

v.

JOHN DOE

      Defendant.

No. CV12-8333

Judge: SVW (PJWx)

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

    Plaintiff Ingenuity13 LLC ("Plaintiff"), through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

## NATURE OF THE CASE

    1.    Plaintiff files this action for copyright infringement under the United States Copyright Act and related contributory infringement and negligence claims under the common law to combat the willful and intentional infringement of its creative works. Unidentified Defendant John Doe ("Defendant"), whose name Plaintiff expects to ascertain during discovery, knowingly and illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the BitTorrent file sharing protocol and, upon information and belief, continues to do the same. In using BitTorrent, Defendant's infringment actions furthered the efforts of numerous others in infringing on Plaintiff's copyrighted works. The result: exponential viral infringment. Plaintiff seeks a permanent

19.     The Video is currently registered in the United States Copyright Office (Copyright No. PA0001802629). (*See* Exhibit A to Complaint.)

20.     The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States.

21.     Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

22.     Defendant, using IP address 108.13.119.253, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, libtorrent/0.15.10.0—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

23.     Plaintiff's   investigators   detected   Defendant's   illegal   download   on 2012-08-21 at 19:49:43 (UTC).  However, this is a simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct took itself place before and after this date and time.

24.     Defendant was part of a group of BitTorrent users or peers in a single swarm—a process generally described above—whose computers were collectively interconnected for the sharing of a particular unique file. The particular file a BitTorrent swarm is associated with has a unique file "hash"—i.e. a unique file identifier generated by an algorithm. The unique hash value in this case is identified as 7571E2F7C1972FC5A383A4D87DA00CC3333FB32E (hereinafter "Hash Tag."), and common to all of the participants in the swarm.

FILED

2012 SEP 27 AM 11: 27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

1 | Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
2 | 38 Miller Avenue, #263
Mill Valley, CA 94941
3 | 415-325-5900
blgibbs@wefightpiracy.com
4
*Attorney for Plaintiff*
5

6

7                IN THE UNITED STATES DISTRICT COURT FOR THE

8                       CENTRAL DISTRICT OF CALIFORNIA

9

10 | INGENUITY13 LLC,                          )   No. **CV12-8336**
                                              )
11 |            Plaintiff,                      )   Judge: ODW (MRWx)
             v.                               )
12 | JOHN DOE                                  )   **COMPLAINT**
                                              )
13 |            Defendant.                      )
                                              )   **DEMAND FOR JURY TRIAL**
14                                             )
   _____)

15

16         Plaintiff Ingenuity13 LLC ("Plaintiff"), through its undersigned counsel, hereby files this

17 | Complaint requesting damages and injunctive relief, and alleges as follows:

18                              **NATURE OF THE CASE**

19         1.      Plaintiff files this action for copyright infringement under the United States Copyright

20 | Act and related contributory infringement and negligence claims under the common law to combat

21 | the willful and intentional infringement of its creative works. Unidentified Defendant John Doe

22 | ("Defendant"), whose name Plaintiff expects to ascertain during discovery, knowingly and illegally

23 | reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the

24 | BitTorrent file sharing protocol and, upon information and belief, continues to do the same. In using

25 | BitTorrent, Defendant's infringement actions furthered the efforts of numerous others in infringing on

26 | Plaintiff's copyrighted works. The result: exponential viral infringement. Plaintiff seeks a permanent

27

28

19.     The Video is currently registered in the United States Copyright Office (Copyright No. PA0001802629). (*See* Exhibit A to Complaint.)

20.     The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States.

21.     Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

22.     Defendant, using IP address 71.104.70.247, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, µTorrent 3.0.1—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

23.     Plaintiff's investigators detected Defendant's illegal download on 2012-08-21 at 23:50:33 (UTC). However, this is a simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct took itself place before and after this date and time.

24.     Defendant was part of a group of BitTorrent users or peers in a single swarm—a process generally described above—whose computers were collectively interconnected for the sharing of a particular unique file. The particular file a BitTorrent swarm is associated with has a unique file "hash"—i.e. a unique file identifier generated by an algorithm. The unique hash value in this case is identified as 7571E2F7C1972FC5A383A4D87DA00CC3333FB32E (hereinafter "Hash Tag."), and common to all of the participants in the swarm.

6
COMPLAINT                                         CASE NO.