UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:12-cv-01493-CEH-KRS

FIRST TIME VIDEOS, LLC

      Plaintiff,

v.


PAUL OPPOLD


      Defendant

_____/


**RESPONSE TO DEFEENDANT'S OBJECTION TO REPORT AND
RECOMMENDATION OF THE MAGISTRATE**

    Plaintiff, First Time Videos, LLC, (hereinafter referred to as "FTV") by and through

counsel of record at this time, files this response to Defendant's Objection to objection to report

and recommendation of the Honorable Magistrate Karla Spaulding and states as follows:



        **I.    PROCEDURAL HISTORY**


1.      That Plaintiff, by and through current counsel, agrees with the Magistrate's

        Report and Recommendations (Doc. No. 35).

2.      That the case has been voluntarily dismissed and an Order for its' dismissal

        entered (See Doc. Nos. 29 and 30).

3.      That Plaintiff's counsel as stated in his most recent Motion to Withdraw has no

        relationship or ties to Prenda Law and has never had any communications with

John Steele,  Paul Duffy, Paul Hansmeier, Joseph Perea, Peter Hansmeier or

Mark Lutz (See Doc. No. 36).

4.      That by presenting this Response, Plaintiff's counsel is doing so solely on the

review of the docket, the review of the relevant case law and authority cited by

the Magistrate and Defendant's counsel.

5.      That by presenting this Response, Plaintiff's counsel in no way is responding to

any conduct of third parties to this case, namely, Prenda Law and any of its'

partners or associates, neither does Plaintiff's counsel represent Prenda Law or

any of its' partners or associates as named in paragraph 3 above.

6.      That Plaintiff's counsel is presenting this response in the best interests of the

named Plaintiff, even if counsel has moved to withdraw for concerns in relation

to the inability to contact Plaintiff which severely inhibits him from properly

representing such party in this case.

7.       That the law firm of Jonathan A Torres LLC is the attorney of record at this

time for Plaintiff despite presenting two Motions to Withdraw, one on

November 16, 2012, four days after presenting his appearance and one on May

31, 2013 (See Doc. 27 and 36).

8.      That the Orders denying withdrawals by current counsel have been denials

without prejudice. The most recent Order informs current counsel that he may

move to withdraw and present a renewed motion after the Report and

Recommendation Doc. No. 35 is resolved, if necessary (emphasis added) (See

Doc. No. 37).

9.        That Plaintiff's counsel after the filing of the Objection to Report and Recommendation of the Magistrate has attempted to contact a registered agent or principal of Plaintiff FTV again through the only available telephone number and through certified mail without response.

10.      Upon review of the docket, it appears that on July 30, 2012, Plaintiff First Time Videos, LLC ("FTV"), through its attorney at the time George A. Banas, Esq., filed a complaint against Defendant Paul Oppold and in the four corners of the Complaint it alleged a cause of action for copyright infringement under the United States Copyright Act among other related causes of action (See Doc. No. 1).

11.      Upon information and belief from current Plaintiff's counsel and upon review of the Complaint, it is clear that Plaintiff does in fact have an intellectual property right for the video of FTV-Tiffany (See Doc. No. 2).

12.      That Plaintiff's current counsel's inability to contact a registered agent from FTV or a principal inhibits him from providing a response on behalf of the named Plaintiff to allegations against third parties in this case and the involvement or connection between FTV and Prenda Law, John Steele, Brett Gibbs, Paul Duffy or Paul Hansmeier, Peter Hansmeier, Mark Lutz, if any.

13.      That Defendant's Objection centers primarily around the purported conduct of a third party entity or third parties and not the named Plaintiff or Plaintiff's current counsel (emphasis added).

14.     That there is no record evidence of any inappropriate conduct by Plaintiff's

current counsel or by Plaintiff for that matter. That as stated in the most recent

Unopposed Motion to Withdraw presented by Plaintiff's counsel:

> "[Plaintiff's counsel] presented a Notice of Appearance in this case on
> November 16, 2012 (Document No. 26). That counsel for Plaintiff was
> contacted by   Brett Gibbs, of counsel from Prenda Law who purportedly
> represented Plaintiff in various matters throughout various states. That
> Prenda Law, through Brett Gibbs an attorney from California represented
> to attorney Jonathan Torres that they were agents of Plaintiff FTV either
> de jure or de facto. That Jonathan Torres, Esq. communicated with Brett
> Gibbs, an attorney from California only and had no method of contact
> with Plaintiff   directly, only through him. That attorney Jonathan Torres
> never had or has ever had any contact with John Steele, Paul Duffy or Paul
> Hansmeier, That attorney Jonathan Torres was to make a local counsel
> appearance on this case.  That attorney Jonathan Torres received a call
> from attorney for Defendant Graham Syfert, Esq. shortly thereafter of
> entering an appearance indicating to him that there were issues in this case
> and that I had been misled and misrepresented by Prenda Law and Brett
> Gibbs to enter into this case. That attorney Jonathan Torres requested the
> Court to withdraw a first time from the case on November 20, 2013, four
> (4) days after entering his appearance (Document No. 27). That the first
> Motion to Withdraw was denied without prejudice. (Document No. 28).
> That counsel for Plaintiff sent certified letters on November 29, 2012 to
> Plaintiff and Brett Gibbs (See Exhibit 1) informing them that he did not
> want any further involvement in the cases or with them personally. That
> these letters went unanswered. That counsel for Plaintiff received a call
> from Brett Gibbs on or about December 4, 2012, informing him that FTV
> wanted to file a voluntary dismissal in this case…. That the only filings
> entered by attorney Jonathan Torres on the docket have been the
> following: Notice of   Appearance, Motion to Withdraw, Response in
> Opposition to Attorney Fees (Document No. 34). (and now this Response
> to Defendant's Objection to the Magistrate's Report and
> Recommendation). That all calls, e-mails and letters to Plaintiff or  Brett
> Gibbs have [been] unanswered. That the last time Plaintiff's counsel
> attempted to contact Brett Gibbs by e-mail an automated message came
> back indicating that Brett Gibbs does not work any longer for Prenda
> Law." (emphasis added)

15.     That Plaintiff's counsel is unable to ascertain if Prenda Law was or is an agent

of Plaintiff FTV either de jure or de facto.

16.    That Plaintiff is unable to respond as to whether or not Mr. Banas the attorney that filed the original Complaint filed this instant action by instructions of Plaintiff FTV or Prenda Law.

17.    It would seem, based on the face of the Defendant's objection to the Magistrate's Report and Recommendation (See Doc. No. 37) that Defendant's counsel is attempting to reopen the case only in efforts to initiate a third party complaint or actions against Prenda Law.

18.    That all Exhibits presented by Defendant's Counsel in his Objection all relate to Prenda Law's wrongdoings, who is not a party to this case.

19.    Defendant's counsel ratifies the fact that Prenda Law and himself have a feud, in support of this contention, Mr. Syfert uses a copy of an e-mail that was sent to him by current counsel for Plaintiff indicating that in his opinion Prenda Law and Mr. Syfert have a feud with each other (See Doc. No. 37 at Page 6 & 7 & Exhibit B). Clearly, the named Plaintiff in this case FTV neither current counsel have anything to do with this "feud."

20.    Defendant is seeking attorney's fees under Fed. R. Civ. P. 54(d), Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent power. Doc. No. 33 at 1. Fed. R. Civ. P. 54(d) "provides the procedure for recovery of attorney's fees but does not provide a substantive right to attorney's fees." *Corwin v. Walt Disney Word Co.*, No. 602CV1377ORL19DAB, 2005 WL 1126659, at *2 (M.D. Fla May 9, 2005), *aff'd*, 475 F.3d 1239 (11th Cir. 2007) (citation omitted).

21.    Plaintiff's counsel agrees with Magistrate insofar that Defendant has not shown that he has complied with the safe harbor provision of Fed. R. Civ. P. 11(c)(1),

which is a necessary prerequisite to an award of sanctions under Rule 11 andthe

fact that Defendant did not discuss the legal standard for an award of attorney's

fees under 28 U.S.C. § 1927 or the Court's inherent power.

## II.   BACKGROUND

1.   As noted by the Magistrate, FTV alleged that:

> "on February 20, 2012 at 9:49:54 p.m. UTC, Oppold, using internet protocol ("IP") address 97.102.232.95, downloaded a torrent file particular to the Video, purposefully loaded the torrent file into his BitTorrent Client, entered a BitTorrent swarm particular to the Video, and reproduced and distributed the Video to numerous third parties. Doc. No. 1 ¶¶ 22-23. Oppold contends that FTV previously sued him for copyright infringement, civil conspiracy and contributory infringement arising from the same events in *First Time Videos, LLC v. John Does1-76*, Case. No. 1:12-CV-20921-JAL (the "Miami Case"), which case was filed in the United States."

2.   Plaintiff's counsel agrees with the Magistrate insofar that the original Miami Case listed

multiple "John Doe" Defendants and identified only by their IP addresses. The fact that a

demand letter was sent specifically to Oppold does not mean he was sufficiently

identified in the pending Miami litigation, especially being that there were so many John

Doe Defendants. Furthermore, as noted by the Magistrate "after the demand letter was

sent, FTV voluntarily dismissed the Miami Case "against the Doe Defendant associated

with Internet Protocol address 97.102.232.95" pursuant to Fed. R. Civ. P. 41(a)(1)."

3.   Current Plaintiff counsel is unable to answer any allegations of any past conduct by

Plaintiff, if any, Prenda Law or its' agents as noted above.

## III.   ANALYSIS

A.     *Defendant is not the Prevailing Party under the Copyright Act*

a.  A "prevailing party" is defined "as '[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . .'" *Buckhannon Bd. & Care Home, Inc., v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001) (quoting Black's Law Dictionary 1145 (7th ed. 1999)).  Defendant's counsel contends that Oppold is the prevailing party pursuant to Fed. R. Civ. P 41(a)(1) based upon two voluntary dismissals of two suits for one act, thus triggering the "adjudication on the merits" provision of 41(a)(1)(B). In 2009, the Ninth Circuit held that held that a voluntary dismissal without prejudice *does not* confer prevailing party status for a claim brought under the Copyright Act. *See Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009). Therefore, Plaintiff respectfully disagrees with Defendant in their contention that they are the prevailing party in this case.

b.  Now as to the two-dismissal rule, Plaintiff agrees with the Magistrate's position insofar that it does not apply due to the fact that Defendant Oppold was not specifically named in the first Miami case and was not succinctly identifiable from the large number of "IP John Doe Defendants" listed, no summons was issued to him in that case, and he never appeared or filed a responsive document in that case.

c.  Defendant objects based on the case of *Fernandez v. Estate of Gatti,* No. 11-62269-CIV, 2011 WL 2077817, at *2-3 (S.D. Fla. May 26th, 2011). Furthermore, Defendant also contends that since Defendant received demand letters and phone calls from Plaintiff demanding payment of money in the Miami case that the two-

dismissal rule should apply. Plaintiff respectfully disagrees with this overly broad and loose interpretation by Defendant of the case law cited.

d.  The Plaintiff agrees with the Magistrate that "some courts have held… that the two-dismissal rule "extends not only to named parties to an action, but also to their privies." Defendant Oppold was not sufficiently identified in the Miami case and thus cannot be considered to be "anyone so identified in interest with another that he represents the same legal right." *Manning v. S.C. Dep't of Highway & Public Transp.*, 914 F.2d 44, 48 (4th Cir. 1999)(quoting *Richburg v. Baughman*, 351 S.E. 2d 164, 166 (1986)). Again, no pleadings were filed against Oppold specifically, neither did Oppold present any responsive pleadings or motions in the Miami case. The fact that Defendant Oppold received phone calls and demand letters are not possibly considered to be part of the actual litigation. Finally, as noted by the Magistrate, Plaintiff dismissed a case a second time under Fed. R. Civ. P. 41(a)(1), there is no Court approval or entry of judgment. The case is closed by operation of that Rule.

B.          *Award of Attorney Fees*

a.  Plaintiff agrees with the Magistrate Report and Recommendations insofar that awarding attorney's fees to Defendant would not be faithful to the purposes of the Copyright Act. "The purposes of the Copyright Act include restitution to prevent unjust enrichment to the defendant, reparation of injury to the plaintiff and deterrence of further wrongful conduct by the defendant and others." *United Feature Syndicate v. Sunrise Mold Co.*,569 F. Supp. 1475, 1481 (S.D. Fla. 1983).

Defendant has not substantially prevailed in the instant case and is not the prevailing party under the Copyright Act or under *Buckhannon*.

b. Defendant Oppold has not shown that the allegations as contained in the Complaint in the instant case that he personally acted knowingly and intentionally in downloading the Video is without evidentiary support. Furthermore, as stated above, Defendant Oppold did not appear in the Miami case and, thus, he was not subjected to harassment or even inconvenience by the filing of that lawsuit as noted by the Magistrate. Defendant has presented no evidence that the "illegal download" of the FTV entertainment video did not occur. Plaintiff's counsel respectfully disagrees with Defendant's position that there has been a judgment on the merits on all counts of the Complaint. As noted by the Magistrate, by entering of the voluntary dismissal the case was closed without an adjudication on the merits (emphasis added).

c. Plaintiff's counsel is unable to answer the allegations brought up by Defendant in regard to third party actions or FTV's "practices" in regards to serial filing of lawsuits or voluntary dismissals since he does not possess any personal knowledge of Prenda Law's or FTV's operations or practices and has not been able to communicate with a registered agent or principal of Plaintiff.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests the following:

I.   That the Court  uphold the Magistrate's Report and Recommendations and find that Defendant Oppold is not a prevailing party under this instant action and that the Defendant not be awarded attorney's fees.

9

II.     That Plaintiff's current counsel respectfully requests that this Honorable Court grant

his renewed Motion to Withdraw which will be filed once a determination is made on

the Magistrate's Report and Recommendations and allow Jonathan Torres, Esq. and

the law firm of Jonathan Torres, LLC to withdraw and have no further responsibility

in this case and be removed from the ECF system accordingly.

III.    That the Court grant any further relief as it may deem just and proper.


DATED this June 14, 2013.


Respectfully submitted,

/s/ Jonathan Torres
Jonathan Torres, Esquire
Florida Bar No. 006287
Jonathan A. Torres, LLC.
1180 Spring Centre S. Blvd, Suite 355
Altamonte Springs, FL 32714
Telephone (407) 953-5818
E-mail: jonathantorresllc@gmail.com
Attorney for Plaintiff


**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on June 13, 2013, I electronically filed the foregoing using the ECF system which shall send an electronic copy and notification to all parties and respective counsel.

/s/ Jonathan Torres
Jonathan Torres, Esquire
Florida Bar No. 006287
Jonathan A. Torres, LLC.
1180 Spring Centre S. Blvd, Suite 355
Altamonte Springs, FL 32714
Telephone (407) 953-5818
E-mail: jonathantorresllc@gmail.com
Attorney for Plaintiff