# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**FIRST TIME VIDEOS, LLC,**

        **Plaintiff,**

**v.**                                                         **Case No:  6:12-cv-1493-Orl-36KRS**

**PAUL OPPOLD,**

        **Defendant.**

_____

## ORDER

This cause comes before the Court upon the Report and Recommendation ("R&R") filed by Magistrate Judge Karla R. Spaulding on May 23, 2013. Doc. 35. In the Report and Recommendation, Judge Spaulding recommends denying Defendant Paul Oppold's ("Defendant Oppold" or "Defendant") Second Motion for Award of Attorney's Fees (Doc. 33) ("Motion for Fees") on the ground that Defendant is not a prevailing party under the Copyright Act, 17 U.S.C. § 505. *Id.* at 9. Defendant Oppold filed an Objection to the Report and Recommendation ("Objection") to which Plaintiff First Time Videos, LLC ("Plaintiff First Time Videos" or "Plaintiff") responded. Docs. 37, 39. Accordingly, the Report and Recommendation is ripe for review.

**I.     BACKGROUND**

On July 30, 2012, Plaintiff First Time Videos filed a complaint against Defendant Oppold for copyright infringement under the "United States Copyright Act," as well as for "related civil conspiracy, contributory infringement and negligence claims under the common law . . . ." Doc. 1 at ¶ 1. In its complaint, Plaintiff alleges that Defendant reproduced and distributed one of Plaintiff's copyright-protected videos entitled "FTV – Tiffany" without Plaintiff's permission.

*Id.* The complaint contains five counts: (I) Copyright Infringement – Reproduction, in violation of 17 U.S.C. § 106(1); (II) Copyright Infringement – Distribution, in violation of 17 U.S.C. § 106(3); (III) Contributory Infringement; (IV) Civil Conspiracy; and (V) Negligence. Doc. 1.

On December 5, 2012, Plaintiff filed a Notice of Voluntary Dismissal of Action Without Prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1). Doc. 29. The Court entered an Order dismissing the case without prejudice on December 6, 2012. Doc. 30. On that same day, Defendant filed his first Motion for Award of Attorney's Fees, (Doc. 31), which was denied for failure to comply with Local Rule 3.01(g) (Doc. 32). The instant Second Motion for Award of Attorney's Fees (Doc. 33) ensued.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to . . . proposed findings and recommendations." Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

### III.     ANALYSIS

In his Motion for Fees, Defendant Oppold seeks an award of attorney's fees in this case: 1) as a prevailing party under the Copyright Act, 17 U.S.C. § 505; 2) under the Copyright Act, 17 U.S.C. § 412; 3) under Federal Rule of Civil Procedure 11; 4) under Federal Rule of Civil Procedure 54(d); 5) pursuant to 27 U.S.C. § 1927; and 6) pursuant to the Court's inherent power. Doc. 33 at 1, 5.

In the Report and Recommendation, the Magistrate Judge noted that Defendant failed to demonstrate how he complied with the safe harbor provision of Rule 11(c)(1) or how the Court's inherent power provided a basis for attorney's fees, that Defendant also failed to discuss the legal standard for an attorney's fees award under 27 U.S.C. § 1927, and that Rule 54(d) "does not provide a substantive right to attorney's fees," citing *Corwin v. Walt Disney World Co.*, No. 602CV1377ORL19DAB, 2005 WL 1126659, at *2 (M.D. Fla. May 9, 2005), *aff'd*, 475 F.3d 1239 (11th Cir. 2007). R&R at 2 n.1. For those reasons, Defendant's request for attorney's fees under Federal Rules of Civil Procedure 11 and 54(d), and pursuant to 27 U.S.C. § 1927 and the Court's inherent power is denied.

Likewise, in his Motion for Fees, Defendant did not indicate how 17 U.S.C. § 412 provides a basis for attorney's fees in this case. This provision dictates what constitutes timely copyright registration of a work before an attorney's fee award or statutory damages can be requested in an action for copyright infringement. *See* 17 U.S.C. § 412. Defendant does not argue that this provision is an independent basis for an award of attorney's fees, nor has an issue been raised as to whether Defendant has met the registration requirements of 17 U.S.C. § 412. Therefore, there is no need for the Court to address this provision here.

In addressing Defendant's request for attorney's fees under 17 U.S.C. § 505, the Magistrate Judge first acknowledged that, under that statute, "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." R&R at 4; 17 U.S.C. § 505. A "prevailing party" is a legal term of art, meaning "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . ." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001) (quotations and citations omitted). The Magistrate Judge recommends that the Court reject Defendant's argument that he is a prevailing party in this case by virtue of the two dismissal rule under Federal Rule of Civil Procedure 41(a)(1)(B),[1] which provides that: "[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." R&R at 4-5.

---

[1] Rule 41(a) provides for voluntary of dismissal of actions:

(1) **By the Plaintiff**.
    (A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66, and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.
    (B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) **By Court Order; Effect**. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

In order for the two dismissal rule to apply, the same defendant must be named in each case. *Fernandez v. Estate of Gatti*, No. 10-62269-CIV, 2011 WL 2077817, at *2-3 (S.D. Fla. May 26, 2011). In his Motion for Fees, Defendant argues that, in addition to the dismissal of this case in December 2012 (Doc. 29), Plaintiff First Time Videos previously dismissed a suit against him in Miami in the United States District Court for the Southern District of Florida, *First Time Videos, LLC v. John Does 1-76*, Case. No. 1:12-CV-20921-JAL (the "Miami case"), which alleged copyright infringement, civil conspiracy, and contributory infringement, claims that arose out of the same events alleged in this case. Mot. for Fees at 1-3. In its response, Plaintiff First Time Videos argues that the two dismissal rule does not apply here because Defendant was not specifically named in the Miami case. Doc. 34 at 2-3.

Persuaded by the rationale in *Manning v. S.C. Dep't of Highway & Public Transp.*, 914 F.2d 44, 48 (4th Cir. 1990), which relied on *res judicata* principles in holding that the two dismissal rule "extends not only to named parties to an action, but also to their privies," meaning anyone "so identified in interest with another that he represents the same legal right," the Magistrate Judge agreed with Defendant Oppold that the two dismissal rule applies in this case, even though he was not a named defendant in the Miami case. R&R at 5-6. As the Magistrate Judge explained in the Report and Recommendation, in *Manning*, the plaintiff filed a civil rights action in federal court against a John Doe and a Richard Roe, among others. 914 F.2d at 46. Plaintiff then voluntarily dismissed the suit. *Id.* at 47. He subsequently filed a state court action against a named defendant, Evans, along with others. *Id.* Plaintiff also voluntarily dismissed that suit. Id. A third action was filed, which again named Evans as a defendant, among others. *Id.* The trial court dismissed Evans from that action on the basis of the two dismissal rule under Rule 41(a)(1)(B). *Id.* On appeal, the court noted that the plaintiff and his attorney had testified

in the trial court that Evans was intended to be the defendant Doe or Roe named in the first action. *Id.* at 48. As such, the Fourth Circuit concluded that it could hardly be asserted that "Evans' legal rights were not implicated in the initial suit." *Id.*

In the Miami case at issue here, the John Does were identified by their IP (Internet Protocol) addresses. Defendant Oppold was the account holder of one of those IP addresses at the time, and was sent a demand letter after the Miami case was filed identifying him by the IP address listed in the Miami case. Doc. 1 at 2; Mot. for Fees, Ex. A. The demand letter mentioned that a lawsuit had been filed. Ex. A. From these facts, it is clear that Defendant Oppold's legal rights were implicated in the Miami case in order to trigger the two dismissal rule, as explained in *Manning*. Therefore, the Court finds Plaintiff's objection to be without merit.

However, even though the Magistrate Judge concluded that the two dismissal rule applies here, the Magistrate Judge did not find that "an adjudication on the merits" under Rule 41(a)(1) qualifies as a "judgment on the merits" for purposes of "prevailing party" status under the Copyright Act, 17 U.S.C. § 505, as it does not constitute a "judicially sanctioned change in the legal relationship of the parties" as required by *Buckhannon*, 532 U.S. at 605. *R&R* at 6-7. On the contrary, the two dismissal rule under Rule 41(a)(1) operates to close the case simply by virtue of that rule, and not by means of any judicial approval or entry of judgment, as the Magistrate Judge reasoned. *Id. Cadkin v. Loose*, cited by Plaintiff, supports this theory. 569 F.3d 1142 (9th Cir. 2009). Specifically, the court there stated that, in determining whether there is a "prevailing party" under the *Buckhannon* test, "the key inquiry is whether *some court action* has created a 'material alteration of the legal relationship of the parties.'" *Id.* at 1148 (quoting *Buckhannon*, 532 U.S. at 604) (emphasis added). There is no court action involved in the dismissal of a case under the two dismissal rule.

6

Defendant disagrees with the Magistrate Judge's conclusion that the two dismissal rule does not constitute a "judicially sanctioned change in the relationship of the parties" as required by *Buckhannon*. Obj. at 12-14. Defendant argues that a change in the relationship between Plaintiff and Defendant has occurred by virtue of Rule 41(a)(1)(B) in that Defendant "is no longer in danger of being hailed [sic] into court" by Plaintiff for the same claims as alleged in this case. *Id.* Additionally, Defendant appears to suggest that, because the Federal Rules of Civil Procedure are promulgated by the United States Supreme Court,[2] that fact makes the purported change in the relationship of the parties under Rule 41(a)(1)(B) "judicially sanctioned." *Id.* Therefore, Defendant contends that a "judgment[] on the merits," which *Buckhannon* held conferred "prevailing party" status on a party seeking attorney's fees, is the same as an "adjudication on the merits" under Rule 41(a). *Id.* at 14-15; *Buckhannon*, 532 U.S. at 604 ("judgments on the merits . . . may serve as the basis for an award of attorney's fees").

As support, Defendant cites caselaw that, in essence, merely explains the administrative effect of Rule 41(a)(1), (obj. at 15) (citing statements in *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)[3] that under 41(a)(1), "[a] second notice of dismissal not only closes the file, it also closes the case with prejudice to the bringing of another"), and provides some reasoning for the "arbitrary limitation" of the rule, (obj. at 15) (citing *American Cyanamid*,

---

[2] The Federal Rules of Civil Procedure are enacted by the United States Supreme Court pursuant to the Rules Enabling Act under 28 U.S.C. § 2072, which states that: "The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals." *See* 28 U.S.C. § 2072(a).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to October 1, 1981.


317 F.2d at 297, stating that the reason for this "arbitrary limitation" is to "prevent unreasonable abuse and harassment").

Defendant's reliance on *American Cyanamid* is misplaced. Specifically, the *American Cyanamid* court stated that, with respect to Rule 41(a)(1), the party filing a voluntary notice of dismissal:

> need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and *the court has no role to play*. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. *There is not even a perfunctory order of court closing the file*. Its alpha and omega was the doing of the plaintiff alone . . . . A second notice of dismissal not only closes the file, it also closes the case with prejudice to the bringing of another. The reason for this arbitrary limitation . . . is to prevent unreasonable abuse and harassment.

317 F.2d at 297 (emphasis added).

Thus, Defendant's caselaw makes clear that there is no judicial involvement in the operation of either the initial voluntary dismissal by the plaintiff under Rule 41(a)(1)(A)(i) or the effect of the second voluntary dismissal by the plaintiff under Rule 41(a)(1)(B).

This point is highlighted in *American Cyanamid* through the court's comparison of a dismissal by a plaintiff under Rule 41(a)(1)(A), where there is no judicial involvement, and a dismissal by court order under Rule 41(a)(2), where the court has a role to play:

> We can read no two dismissal rule into 41(a)(2). *By its very language 41(a)(2) gives the court power* to grant or deny a motion made under the rule and 'upon such terms and conditions as the court deems proper.' *Here the court has an express judicial function to perform.* All of the concepts and processes of judicial determination are brought into play. The merits of each motion must be considered and a ruling made by the court. There is no language under this section which pre-ordains the ultimate judicial decision on a motion made under its terms. *This, to us, is not akin to the automatic consequences laid down for dismissals by notice under 41(a)(1). Rather than restricting the judicial function as is done under 41(a)(1), dismissals by the court on motion under 41(a)(2) plainly puts upon the court a definite duty to perform:* to grant or deny the motion, and to establish 'such terms and conditions as the court deems proper.'

317 F.2d at 297 (emphasis added).

This passage makes evident that there is no court intervention even after the plaintiff files its second notice of dismissal. In order for the court to have any involvement at all, the plaintiff must request dismissal under Rule 41(a)(2). Other caselaw cited by Defendant further highlights this point. For instance, Defendant cites *Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976), where the court found that the plaintiffs' "motion for dismissal" was effectively a voluntary dismissal because the opposing parties had not yet filed an answer or motion for summary judgment. Thus, in accordance with Rule 41(a)(1), the court held that "[a]t the time [the] plaintiffs filed their motion to dismiss[,] the case was effectively terminated." *Id.* At that point, "[t]he court had no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right. That was the end of the case and the attempt to deny relief on the merits and dismiss with prejudice was void." *Id.*

Additionally, Defendant cites *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169-70 (5th Cir. 1980), wherein, for purposes of determining whether the defendant was a "prevailing party" under 42 U.S.C. §§ 1988 and 2000e-5(k) in order to obtain attorney's fees, the court noted that "although there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice is deemed an adjudication on the merits for the purposes of res judicata. As such, the [defendant] has clearly prevailed in this litigation." However, in that case, the dismissal with prejudice constituted an involuntary dismissal imposed by the court pursuant to Rule 41(b), and thus, the two dismissal rule was not implicated where the court would not have been involved. Moreover, the *Anthony* case did not have the benefit of the "material alteration test" as dictated by the United States Supreme Court

9

in *Buckhannon* to determine whether the defendant was a "prevailing party" for purposes of attorney's fees.

The Court concludes that because there is no court action involved in the dismissal of a case under the two dismissal rule pursuant to Rule 41(a)(1)(B), an "adjudication on the merits" under that rule does not constitute a "*judicially sanctioned* change in the legal relationship of the parties" as required by *Buckhannon*, 532 U.S. at 605 (emphasis). Therefore, the Court agrees with the Magistrate Judge that the operation of the two dismissal rule under Rule 41(a)(1) does not render Defendant Oppold a "prevailing party" under the Copyright Act, 17 U.S.C. § 505. Thus, Defendant's claim for attorney's fees under that provision must necessarily fail.[4]

### IV.   CONCLUSION

As the Court agrees with the Magistrate Judge that Defendant Oppold is not a prevailing party under the Copyright Act, 17 U.S.C. § 505, Defendant's Second Motion for Award of Attorney's Fees (Doc. 33) should be denied. Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved with respect to the recommendation that Defendant's motion be denied based on the failure of Defendant to establish that he is a prevailing party under the Copyright Act, 17 U.S.C. § 505.

Accordingly, it is hereby **ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 35) is adopted, confirmed, and approved with respect to the recommendation that Defendant is not a

---

[4] Because the Court finds that Defendant is not a prevailing party under the Copyright Act, 17 U.S.C. § 505, the Court does not address the Magistrate Judge's discussion regarding whether an award of attorney's fees would be warranted in the event that this Court held that Defendant was a prevailing party under 17 U.S.C. § 505.

prevailing party who qualifies for attorney's fees under the Copyright Act, 17 U.S.C. § 505, and is made a part of this order for that purpose, including appellate review.

2. Defendant Paul Oppold's Second Motion for Award of Attorney's Fees (Doc. 33) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on this 16th day of September, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Karla R. Spaulding