[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14717
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-01493-CEH-KRS

FIRST TIME VIDEOS, LLC,

                                                                                Plaintiff-Appellee,

versus

PAUL OPPOLD,

                                                                               Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 21, 2014)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

Paul Oppold appeals the district court's denial of his motion for attorney's fees in this civil action for copyright infringement. No reversible error has been shown; we affirm.

This case arose from the alleged illegal downloading and distributing of a copyrighted video produced by First Time Videos, LLC ("FTV"). FTV filed a complaint for copyright infringement in the District Court for the Southern District of Florida against various "John Does," identified only by their IP addresses. FTV then sent Oppold a letter notifying him of the lawsuit and telling him that he had been identified as being associated with one of the IP addresses named in the suit. Shortly thereafter, FTV dismissed voluntarily (and without prejudice) the complaint against Oppold's IP address. The dismissal was pursuant to Fed.R.Civ.P. 41(a)(1).

FTV then filed a complaint against Oppold for copyright infringement in the Middle District of Florida. Before Oppold filed an answer or a motion for summary judgment, FTV filed a notice of voluntary dismissal without prejudice, pursuant to Rule 41(a)(1). The district court dismissed the case without prejudice.

Oppold moved for attorney's fees as a "prevailing party" under the Copyright Act, 17 U.S.C. § 505.[1]  The district court denied the motion, concluding that Oppold was not a "prevailing party" within the meaning of section 505.

On appeal, Oppold first argues that the district court lacked subject matter jurisdiction to deny his motion for attorney's fees after the district court dismissed FTV's complaint.  This argument is without merit.  The Supreme Court has made clear that a federal court retains jurisdiction over collateral issues -- including motions for attorney's fees -- after a complaint is dismissed.  See Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2455-56 (1990).

Next, Oppold argues that he is entitled to attorney's fees as a "prevailing party" under 17 U.S.C. § 505.[2]  In determining whether Oppold constitutes a "prevailing party," we must determine whether a "court-ordered . . . material alteration of the legal relationship of the parties" has occurred.  See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 121 S.Ct. 1835, 1840 (2001).  In other words, there must be something along this line: "(1) a situation where a party has been awarded by the court at least some relief on the

---

[1] Oppold also sought attorney's fees under Fed.R.Civ.P. 11 and 54(d), 17 U.S.C. § 412, 27 U.S.C. § 1927, and pursuant to the district court's inherent power.  Because Oppold does not raise these issues on appeal, they are abandoned.  See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008).

[2] Section 505 provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States. . ." and that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505 (emphasis added).

merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." Smalbein v. City of Daytona Beach, et al., 353 F.3d 901, 905 (11th Cir. 2003) (quotations omitted).

Nothing evidences a court-ordered change in the legal relationship between Oppold and FTV. FTV dismissed voluntarily its complaint against Oppold under Fed.R.Civ.P. 41(a)(1)(i). Such a dismissal is permitted explicitly "without a court order." Fed.R.Civ.P. 41(a)(1) ("the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."); see also Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990) (noting that a dismissal under Rule 41(a)(1)(i) "is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required.").

To the extent that FTV's notice of dismissal in this case "operate[d] as an adjudication on the merits," pursuant to Rule 41(a)(1)(B)'s "two-dismissal rule," the dismissal itself was still automatic and not the result of court action. Cf. Fed.R.Civ.P. 41(a)(1)(B) (describing the effect of a voluntary dismissal without a court order). Because Oppold has failed to demonstrate "prevailing party" status, he is ineligible for attorney's fees under section 505.

AFFIRMED.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 21, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 13-14717-BB
Case Style: First Time Videos, LLC v. Paul Oppold
District Court Docket No: 6:12-cv-01493-CEH-KRS

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, BB at (404) 335-6179.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs